C. L. BETHJE v. THE HOUSTON AND CENTRAL TEXAS RAILWAY COMPANY.

In a suit against a railroad company for injury done to cattle by its trains while in transit upon the track, it is incumbent upon the plaintiff to prove negligence on the part of the company, in order to entitle him to recover.

Mr. Chief Justice Wheeler inclines to dissent, and to hold that the presumption of negligence arises from the fact of the injury, and devolves upon the company the burden of rebutting it by evidence.

APPEAL from Harris. Tried below before the Hon. P. W. Gray.

The appellant, Bethje, instituted this suit before a justice of the peace, for the value of cattle and hogs, killed and injured by the appellee in running its trains.

In the justice's court the plaintiff recovered judgment for forty-nine dollars and costs. The appellee thereupon took the cause to the District Court by certiorari. The court instructed the jury as follows; "In such cases as these the presumption is in favor of the proper exercise of diligence and prudence on the part of the officers. And it is then necessary for the plaintiff to prove, 1st, that the cattle or hogs, or some of them, were killed by the railway locomotive or machinery; and, 2nd, that it was owing to the neglect or want of care on the part of the engineer having charge of the locomotive or train." Verdict and judgment in favor of the

defendant.   The plaintiff moved for a new trial, which was refused; whereupon he appealed and assigns errror in the charge of the court to the jury.

C. B. Sabin and E. A. Palmer, for the appellant, cited 4 Richardson R., 329; 8 Id., 194; 29 Maine R., 307; 2 Iredell R., 324; 24 Ohio R., 424; 7 Met., 207; 2 Cush., 543; 18 Georgia R., 679, 687; 23 Penn. State R., 373; 19 Conn., 566; 23 Id., 341.

D. J. Baldwin, for the appellee, cited 2 Pick. R., 621; 11 East. R., 60; 29 Maine R., 307; 15 Conn., 124; 8 Barr. R., 366; 2 George Miss. R., 156; Pierce's Amer. Railroad Law, 324, et seq.; 4 Ohio State R., 424; 19 Penn. R., or 7 Harris R., 298.

WHEELER, C. J.   There is no controversy as to the principles upon which the decision of the case on the merits depends.   The law applicable to the facts of the case is not controverted, and is too well settled to require discussion or the citation of authorities. The only question is as to the correctness of the charge of the court respecting the burden of proof.   Upon this point there is some contrariety of decisions.

The subject was very fully considered in the case of Danner v. S. C. R. R. Co., 4 Richardson, 329, and it was there decided that when the plaintiff proves that his cattle were killed by the train of the company (they being upon the track without fault on his part) he makes out a prima facie case of negligence which entitles him to recover, unless the company by proof of the particular circumstances under which the cattle were killed, rebut the presumption of negligence.   The inclination of my own opinion is in accordance with this decision.   But the weight of authorities in this country seems to be the other way, the cases generally holding that the burden is on the plaintiff to prove negligence on the part of the company.   (Pierce on Am. R. R. Law, 357, and case cited.)   And the majority of the court are of opinion that the charge of the

court below to that effect was correct. The judgment is, therefore, affirmed.

Judgment affirmed.