# THE
# TEXAS LAW REPORTER.

AUSTIN, TEXAS, MONDAY, May 8, 1882.

## TEXAS & PACIFIC RY. CO. vs. M. M. MILLER.

### COURT OF APPEALS, AUSTIN TERM, 1882.

*Corporation—Pleading in Justices' Courts—Burden of Proof.*—
In justice's courts, where pleadings are oral, it was not required that allegation should be made that defendant "was a corporation duly incorporated," as in similar suits in District and County·Courts.

Where stock is killed by a passing train on a railroad track the burden of proving that the road was fenced devolves upon the railroad company.

Appeal from Dallas county.

Opinion by White, P. J.

Suit having originated in the justice's court, where the pleadings are oral, except where otherwise specially provided (Rev. Stats. Art. 1573), it was not required that the plaintiff should have alleged that defendant "was a corporation duly incorporated" as is required in pleading in similar suits in the District and County Courts. (Rev. Stats. Art. 1190, Life Insurance Company vs. Davidge 51 Tex., 224.) Such an allegation might and could have been made had plaintiff so desired, and if made would have necessitated a denial in writing if such was the defense proposed. Rev. Stats., Art. 1574, sub-div. 6. In this case the fact of incorporation was neither affirmed nor denied, and it was unnecessary for plaintiff to allege it in the justice's court and unnecessary to prove it. The only remaining question is this; where stock is killed by a passing train upon a railroad track,. is the burden of proof upon the plaintiff suing for its value, to

show that the track of such road is, or was not fenced, or does such proof devolve upon the defendant? The statute provides that "each and every railroad company shall be liable to the owner for the value of all stock killed or injured by the locomotive and cars of such railroad company in running over their respective railways, which may be recovered by suit before any court having competent jurisdiction of the amount. If the railroad company fence in their road they shall only be liable in cases of injury resulting from the want of ordinary care." Rev. Stats., Art. 4245.

Before the adoption of this statute the burden of proof to show negligence was in all cases on the plaintiff. Bethje vs. H. and T. C. R. R. Co., 26 Tex., 604. Now, it is in the power of the railroad, by virtue of the statute, to defeat the claim for damages unless such as arise from want of ordinary care, by simply showing that the road was fenced. And inasmuch as this is a right accorded defendant, we think it must be apparent that the intention of the legislature was, further, to hold the railroad liable *ipso facto* for want of ordinary care whenever it failed to prove that the road was fenced, or rather whenever the plaintiff proved the killing of his stock. Such being the construction we place upon the language of the statute it follows that the burden of proving that the road was fenced would be upon the railroad and not upon the plaintiff. The judgment of the court below is affirmed.