## I. & G. N. R. R. Co. v. Geo. W. Smith.

(No. 1469, Op. Book No. 2, p. 758.)

Appeal from Harris County. Opinion by White, P. J.

§ 844. *Railroad company; liability of, for killing stock; burden of proof upon plaintiff to show negligence, when; fencing road; statute construed; does not apply to incorporated city.* Appellee sued before a justice of the peace to recover the value of a horse which was killed by appellant's cars on a public street in the city of Houston. He recovered judgment for $125, from which appellant appealed to the county court, where appellee again obtained judgment on the verdict of a jury, under the charge of the court, for the same amount. No question

is made as to the ownership or value of the animal. It was admitted on the trial below that the city of Houston, at the time the horse was killed, was an incorporated city; that the horse was killed within the corporate limits of the city, at a point where appellant's road is located along and upon a public street of the city, and that the animal killed was running at large, when killed, in the corporate limits of said city. On these facts the court below charged the jury as follows: "It is admitted that the defendant killed the horse sued for, in a public street in the city of Houston. You will, therefore, find for the plaintiff such amount as the proof shows the horse to have been worth, unless you find from the evidence that the defendant used reasonable care and diligence to avoid the injury. Under the circumstances of the case as admitted, it devolves on the railroad company to prove to your satisfaction that it did use reasonable care and diligence to avoid the injury complained of, in which case you will find for the defendant; otherwise your verdict should be for the plaintiff." Appellant requested the court to charge the jury as follows, which the court refused: "It is admitted by defendant that the horse in question was killed by its cars. And by the plaintiff it is admitted that the killing occurred within the corporate limits of the city of Houston, and upon a public street thereof. Now, if you believe from the evidence that the killing was caused by the negligence or carelessness of the defendant, or its employees, in running or operating the train by which said animal was killed, you will find for plaintiff; otherwise find for defendant. If you find for plaintiff, find the reasonable market value of said animal at the time of the killing, according to the proof." The charge given and the refusal of the requested charge are assigned as errors. By the terms of our statute, which provides that, "if the railroad company fence in their road, they shall only then be liable in cases of injury resulting from the want of ordinary care" [Rev. Stats. 4245], it is clear that the legislature intended the

converse of the proposition should also be the law, to wit, that, if the railroad failed to fence its track, it would be liable for any injury occasioned by it. In other words, that the failure to fence would, *per se*, be such negligence as would render it liable. But the law never intended impossibilities. This rule of fencing or failure to fence cannot apply to the streets of an incorporated city, for the railroad could not legally exercise the right to fence such streets, and, if it did so, would not only violate the penal law against road obstructions, but would create a public nuisance for which it would also be liable in damages. "The reason and intention of the law given will control the strict letter of the law, when the latter would lead to an absurdity." [1 Kent's Comm. p. 462.] The question of fence or no fence not being legitimately involved in the case as made by the record, the case must be considered as if there was no such law as the one we have quoted. This question eliminated, the rule is that, in a suit against a railroad company for injury done to stock by its trains while in transit upon the track, it is incumbent upon the plaintiff to prove negligence on the part of the company in order to entitle him to recover. [Bethje v. H. & T. C. R'y Co. 26 Tex. 604.] The burden is on the plaintiff to prove negligence on the part of the company, and is not upon the company to show even ordinary care, independent of such proof. It is purely a question of negligence, and, to recover, the plaintiff must establish it. Such being the law, the court erred in the charge given, and also in refusing to give the special charge asked, which did submit the law applicable to the case.

February 28, 1883.        Reversed and remanded.