## I. & G. N. R. R. Co. v. GEORGE LEUDERS.

(No. 2593, R. Book No. 4, p. 313.)

APPEAL from Comal County. Opinion by WHITE, P. J.

§ **314.** *Rule of damages and proof with regard to fenced railroad tract; street in incorporated town or city.* The rule of fencing prescribed for railroads by art. 4245, Rev. Stats., does not apply to the streets of an incorporated town or city, because railroad companies have no right to fence, and cannot fence, such streets. Where stock is killed by a passing train at the crossing of the track over a street in an incorporated town or city, it is incumbent on the plaintiff to prove negligence on the part of the company in order to entitle him to recover. It is purely a question of negligence, and to recover the plaintiff must establish it. [Bethje v. H. & T. C. R. R. Co. 26 Tex. 604; I. & G. N. R. R. Co. v. Smith (Ct. App.), *post,* p. 484.]

§ **315.** *Liability for stock killed, fence or no fence.* If the stock are killed, or injury inflicted, where the road might, could and should have fenced its track, but failed or neglected to do so, then, indeed, the road would, under the statute [art. 4245], be liable *ipso facto,* whether it is shown or not that the injury was from negligence or ordinary care. The failure to fence *per se* makes the road

liable where fencing is practicable. Where the road cannot or will not be permitted to fence its track, then its liability depends upon negligence or no negligence.

May 12, 1883.                    Reversed and remanded.