H. & T. C. R. R. Co. v. A. E. LOUGHBRIDGE.

(No. 2066, Op. Book No. 3, p. 754.)

APPEAL from Brazos County.   Opinion by WATTS, J.

§ **1300.** *Railroad; liability for killing, etc., stock; cause of action stated; negligence need not be alleged.*   The liability of a railroad company for killing or injuring stock in operating their trains is, by the terms of the statute, *prima facie* absolute.   In other words, the owner of the stock states a cause of action, upon which he is *prima facie* entitled to recover, when he alleges that the railroad company, in operating its trains, killed or injured certain stock belonging to him, describing the same and stating its value.   A petition in such case need not allege negligence on the part of the company in operating its trains, nor in failing to fence its road.   [R. S. 4245.]

§ **1301.** *Same; not required to fence road.*   The statute does not require railroad companies to fence their

roads, but provides that if they do, it shall so far constitute a defense to the action provided for in article 4245, Revised Statutes, that they will not be liable for killing or injuring stock, unless the killing or injuring resulted from the want, on their part, of ordinary care. This construction of the statute in no way militates against the doctrine in Bethje v. R. R. Co. 26 Tex. 604, which case arose before the passage of the statute cited, nor that of R. R. Co. v. Terry, 42 Tex. 451, and R. R. Co. v. Samora, *ante*, p. 62.]

§ **1302.** *Killing stock; measure of damage; market value; evidence to prove.* In an action for killing stock, the measure of damage is the market value of the animal killed. The market value at a given time and place may be proved by evidence of actual sales of like property, and evidence of a single sale is relevant and admissible, but not sufficient alone to establish market value. [Abbott's Tr. Ev. 309.] In the absence of evidence to establish market value, it is competent to prove what price had been offered for the animal, as tending to show its market value.

Affirmed.