## THE TEXAS CENTRAL R'Y CO. v. A. W. CHILDRESS.

(Case No. 5571.)

1. REV. STATS., ART. 4245, CONSTRUED.— RAILWAY COMPANY — DAMAGES — NEGLIGENCE.— Whether or not the first sentence of art. 4245 of the Revised Statutes, standing alone, would be unconstitutional, it is unnecessary to decide. Zeigler v. R. R. Co., 58 Ala., 594, decided that a similar statute was; but the entire article must be taken together, and when thus construed it makes railroad companies liable for damage to live stock unless their roads are fenced; in that case they are liable only in the event of a failure to exercise ordinary care. Thus they are furnished by the statute with the means of protecting themselves against any greater liability than they are subject to at common law. The legislature certainly had the right to declare what should be a *prima facie* case against these corporations, and what reasonable facts would constitute a sufficient defense by which it could be rebutted.

2. PUBLIC POLICY.— The object of the statute was to compel railroad companies to fence their lines for the purpose of preventing damage to live stock, and for the still more important purpose of protecting the lives and limbs of passengers upon their trains. It was an exercise of the police power, and as such has been universally supported. (See cases cited in opinion.) It may be exercised by a positive command to inclose with fences, enforced by a direct penalty, or by rendering the companies liable for damages resulting from a failure to perform this duty. Our legislature selected the latter means, and made payment of damages to the owner of the animals killed, the penalty by which the fencing of railroads should be brought about.

3. SAME.— To allow a company to refuse to fence their track and escape the penalty, upon grounds not provided in the statute, would be to render the statute nugatory and to defeat the object of the law.
4. JUDICIAL NOTICE — BURDEN OF PROOF.— A court cannot take judicial knowledge without evidence that a railway was not fenced at a certain point; the burden of proving that it was fenced is on the railroad company in order to establish its defense. The statute clearly intended to provide, first, what should make out a case for recovery on the part of the plaintiff, and then what should constitute the only defense the defendant could set up to defeat it. It was not the business of the plaintiff to anticipate this defense or combat it in advance.
5. BURDEN OF PROOF.— The clear meaning of the statute, as derived from its language, is that if the owner of the stock proves that it has been injured by the cars of the company, he shall recover damages, unless the railroad company proves that its road was fenced, in which event he shall not recover unless the injury resulted from the want of ordinary care on the part of the railroad company.

APPEAL from Bosque. Tried below before the Hon. Jo. Abbott.

This was a suit by A. W. Childress against the Texas Central Railway Company for damages for killing a cow of plaintiff's by defendant's engine. There was a judgment in the justice's court for plaintiff for $40 and costs, from which defendant appealed to the district court of Bosque county, the appeal bond being filed on July 18, 1883.

The case was tried in the district court on the 26th day of August, 1884, and plaintiff (on an agreed statement of facts) recovered a judgment for $40 and costs.

*Alexander & Winter*, for appellant, cited: Bethje *v.* H. & C. T. R'y Co., 26 Tex., 604; Zeigler *v.* Railroad Co., 58 Ala., 596; R. S., art. 4245.

No briefs on file for appellee.

WILLIE, CHIEF JUSTICE.— Article 4245 of our Revised Statutes reads as follows: "Each and every railroad company shall be liable to the owner for the value of all stock killed or injured by the locomotives and cars of such railroad company, in running over their respective railways, which may be recovered by suit before any court having competent jurisdiction of the amount. If the railroad company fence in their road, they shall only then be liable in cases of injury resulting from the want of ordinary care."

It is urged by the appellant's counsel that this article is unconstitutional, unless we so construe it as to allow a railroad company to show in its defense, when sued for the value of stock killed upon an unfenced portion of its track, that all necessary diligence was

used by the employees of the company to prevent the accident. Otherwise, it is said, the company is deprived of property out of the due course of the law of the land. Whether this would be the effect of a statute which contained only such a provision as is found in the first sentence of the above quoted article, it is not necessary for us to determine. In Alabama it has been held that a statute which provided that railroad companies should be liable for all damages to live stock caused by locomotives or railroad cars was unconstitutional. Zeigler v. Railroad Co., 58 Ala., 594. But that statute did not give these companies the right to protect themselves by fencing their tracks. All parts of article 4245 of our Revised Statutes must be construed in connection, and thus construed, railroad companies are made liable for damages unless their road is fenced; in that case they are liable only in event of the want of ordinary care. They are furnished by the statute with the means of protecting themselves from any greater liability than they are subjected to at common law, and if they do not avail themselves of this means they must abide the consequences. It cannot be doubted but that the legislature had the right to declare what should be a *prima facie* case against these companies, and what reasonable facts should amount to a defense by which it could be rebutted. The object of the statute was to compel them to fence their tracks, for the purpose of preventing damage to live stock, and for the still more important purpose of protecting the lives and limbs of passengers upon their trains. Blair *et al. v.* Railroad Co., 20 Wis., 254; Corwin v. Railroad Co., 13 N. Y., 45. It was an exercise of the police power, and as such has been universally upheld. Penn. R. R. Co. v. Riblet, 66 Pa. St., 164; Kansas Pac. R'y Co. v. Mower, 16 Kans., 573; Atchison & Neb. R. R. Co. v. Harper, 19 Kans., 529.

It may be exercised by a positive command to inclose with fences, enforced by a direct penalty; or by rendering the companies liable for damages resulting from a failure to perform this duty. Kansas Pac. R'y Co. v. Mower, *supra;* Dean v. Sullivan Railroad, 2 Foster (N. H.), 316. Our legislature selected the latter means, and made the payment of damages to the owner of the animal killed, the penalty by which the fencing of railroads should be brought about. To hold that a company may refuse to fence their track, and escape this penalty upon grounds not provided in the statute, is to render it nugatory, and to defeat the object intended to be secured by the law.

These principles are so well settled by the authorities already cited that further discussion of them is unnecessary.

We think the law constitutional, and that when a railroad company has not fenced its road it is no answer to a suit against them,

for killing or injuring live stock, that the damage occurred without any negligence on their part.

There was no proof below that the road was not fenced, but the district judge held that he was authorized to conclude, from the known condition of the railroad in Bosque county, that it was not fenced at the point where the animal was killed. We do not think that the court could judicially take notice of such fact; but we are of opinion that it was not one which the plaintiff was required to prove to make out his case, but the burden of proving it was on the railroad company in order to establish their defense.

The statute first fixes the general liability of the company in all cases where the killing or injury has occurred, and then provides an exceptional case in which the company may escape such liability. It clearly intended to provide, first, what should make out a case for recovery on the part of the plaintiff, and then what should constitute the only defense which the defendant could set up to defeat it. It was not the business of the plaintiff to anticipate this defense or combat it in advance.

The clear meaning of the statute, as derived from its language, is that if the owner of the stock proves that it has been killed or injured by the cars of the company, he shall recover damages, unless they prove that their road was fenced, in which event he shall not recover, unless the injury resulted from want of ordinary care on the part of the railroad company. The case of Bethje v. Railroad Co., 26 Tex., 604, cited to support an opposite view, is not so reported that we can tell whether it arose before or after the introduction of the foregoing provision into our statutory law. It is presumable, however, that the cause of action arose before the passage of the law, or some allusion would have been made to the statute in the argument of the attorneys or the opinion of the court. That case announced a principle of common law, which the statute was intended to repeal in its application to the killing or injury of live stock upon the unfenced track of a railroad within this state. These views are in full accord with the decision of the court of appeals in a similar case. T. & P. R'y Co. v. Miller, W. & W. Ct. of App. Cases, § 263.

We are of opinion that the record not showing that any proof was introduced to show that the road was fenced, the court was authorized to presume that it was not, and that the judgment below was correct, and it is accordingly affirmed.

Affirmed.

[Opinion delivered May 12, 1885.]