TEXAS CENTRAL RAILROAD COMPANY v. HICO OIL MILL.

Decided February 19, 1910.

**1.—Railroad—Killing Stock—Switch Limits—Charge.**

In a suit against a railroad company for the value of mules struck and killed by one of defendant's trains, and wherein the defendant contended that the place where said mules were killed was within the switch limits and it was therefore not required to fence its track at said place, charge of the court considered and approved.

**2.—Same—Burden of Proof—Charge.**

In a suit against a railroad company for the value of animals struck and killed by one of its trains, the plaintiff alleged that the defendant was negligent in failing to provide a sufficient headlight and in failing to keep a proper lookout to avoid killing the animals; the defendant answered and contended that its employees exercised ordinary care to avoid killing the animals; the court charged the jury that the burden was on each party to establish his contention by a preponderance of the testimony. Held, said charge was erroneous in that it placed upon defendant the burden of establishing by a preponderance of the evidence the negative of plaintiff's allegations of negligence.

**3.—Same—Charge.**

In a suit for the value of animals struck and killed by a railroad train, charge considered and held not subject to the objection that it gave undue emphasis to plaintiff's allegations of negligence.

**4.—Same—Charge—No Conflict in Evidence.**

It is error for the trial court to submit as an issue a fact about which there is no conflict in the evidence.

**5.—Same—Incomplete Charge.**

The issue being whether or not a railroad company was relieved from the duty of fencing its track at a place where the plaintiff's animals were killed, the court charged the jury as follows: "The burden of proof is upon the defendant to show that it was necessary to keep the track unfenced at said place; and unless you find from the evidence that it was necessary to keep said track at said place unfenced, you will find for the plaintiff." Held, defective in that it gave the jury no guide by which to determine what conditions would render it necessary to keep the track unfenced.

Appeal from the County Court of Comanche County. Tried below before Hon. J. M. Reiger.

*Martin & George,* for appellant.—The court erred in the fifth subdivision of his charge. Hays v. Hays, 66 Texas, 609, and authorities cited therein.

The court erred in the fourth paragraph of his charge. Revised Civil Statutes, art. 1317; Gulf, C. & S. F. Ry. Co. v. Finley, 11 Texas Civ. App., 64; Campbell v. Trimble, 75 Texas, 271; Fort Worth & R. G. Ry. Co. v. Hudgins, 43 Texas Civ. App., 200; Missouri, K. & T. Ry. Co. v. Hunt, 47 S. W., 70; Denham v. Trinity Lumber Co., 73 Texas, 83.

The court erred in the sixth paragraph of his charge in instructing the jury that the switch limits is that part of the track and right of way between the switch stands at each end of the switch and such other parts of the track as is necessary to be used by the employes in uncoupling the cars and in operating the switch stands, and only such parts as is necessary to be used by the employes in walking or running over the track in coupling and uncoupling the cars and in operating the switch, because the switch limits are not confined in law to the switch stands, but to such parts of the main track that would be necessary in operating its trains on and off the siding and sidetrack at its depots and stations, and because said instructions were misleading and confusing. Gulf, C. & S. F. Ry. Co. v. Blankenbeckler, 13 Texas Civ. App., 254.

If the railroad company kills an animal at a place on its right of way where, under the law, it is not required to fence, the burden of proof is upon the plaintiff to show that the railroad company did not exercise ordinary care in the operation of its train at the time said animals were killed. International & G. N. R. Co. v. Cocke, 64 Texas, 153; Gulf, C. & S. F. Ry. Co. v. Blankenbeckler, 13 Texas Civ. App., 254.

*Jenkins & McCartney,* for appellee.

DUNKLIN, Associate Justice.—Two mules belonging to the Hico Oil Mill were killed by a train of the Texas Central Railroad Company upon its track near the town of Hico. The owner sued the company to recover the value of the mules, and from a judgment in favor of the plaintiff the defendant has appealed.

The track where the mules were killed was not fenced, but the defendant contended that the place where the accident occurred was within the switch limits in the town of Hico, and that it was under no legal duty to fence its track at that place. In the charge given the jury by the trial judge, the issue whether or not the uses made of the track by the defendant were such as to absolve the defendant from the duty of fencing was left for determination by the jury, with the further instruction that, in the event of a ·finding that the defendant was not required to so fence its track, then a verdict should be rendered in favor of the defendant unless the evidence showed that defendant's servants in charge of the train were guilty of negligence in other respects proximately causing the death of the mules. The jury were instructed that the defendant was not required to fence such portions of its track as lay between the switch stands and such other parts of the track as were necessary to be used by the employes in uncoupling the cars and in operating the switch stands. This instruction is criticised by appellant as being misleading and confusing, but we think it reasonably sufficient, and this assignment is overruled. Gulf, C. & S. F. Ry. v. Blankenbeckler, 13 Texas Civ. App., 253; Texas & P. Ry. v. Billingsly, 37 S. W., 27.

The court further charged the jury as follows: "The burden is on each party to establish his contention by a preponderance of the testimony." One of the defendant's contentions was that it was not required to fence its track at the place where the accident occurred. The burden to establish this defense by a preponderance of the testimony was upon the defendant, and in another portion of the charge the jury were so instructed. Another contention was that its employes exercised ordinary care to avoid killing the animals. This defense, of course, was a mere negative of plaintiff's allegations that the defendant was guilty of negligence in failing to provide a sufficient headlight and in failing to keep a proper lookout ahead of the train in order to avoid injuring the animals. Of course, the burden was upon plaintiff to establish these allegations of negligence, and the charge quoted was clearly erroneous in that it placed the burden upon the defendant to establish by a preponderance of the evidence the negative of such allegations of negligence on the part of the plaintiff, and this error will require· a reversal of the judgment.

The court instructed the jury as follows: 4. "If you find from the evidence that defendant's engine or train did, at or about the time and place alleged in plaintiff's petition, strike and kill or render worthless plaintiff's two mules, and that defendant's track at the place was not fenced, you will find for the plaintiff, unless you further find that on account of the place being within defendant's switch limits defendant was not required to fence its track; in event you find that the defendant was not· required to fence its track at that place where the said mules were struck you will find for the defendant, unless you further

find that the agents or employes of the defendant failed to use, in operating defendant's train, such care as a person of ordinary prudence should have used under like circumstances."

5. "If you find that defendant was not required to fence its track at the place where plaintiff's mules were killed you will find for defendant, unless you find that defendant's agents or employes failed to use and exercise such care as an ordinarily prudent person should have exercised under the circumstances; should you find that the track at the said place was not required to be fenced, but further find that defendant's agents or employes did not use such care in providing sufficient headlight or keeping a proper lookout ahead of the train, blow the whistle or ring the bell, or stop the train to prevent the collision, as a person of ordinary prudence would have done under such circumstances, then you will find for the plaintiff."

Appellant complains that in each of the said paragraphs 4 and 5 the jury were instructed that, even though they should find that defendant was not required to fence its track at the place of the accident, plaintiff would be entitled to a verdict if defendant's agents failed to use ordinary care in operating the train, and thus plaintiff's contention was unduly emphasized. It will be noted, however, that in the concluding portion of paragraph 4 of the instruction, that the alleged negligence of the defendant in the operation of its train is merely mentioned as a limitation upon an instruction in favor of the defendant and is not presented as an affirmative instruction to find for the plaintiff in the event defendant's employes failed to exercise ordinary care in operating the train, as the same was presented in the fifth paragraph of the charge. Furthermore, both in the fourth and fifth paragraphs the jury were told, in effect, that defendant would not be liable in the event it was not required to fence its track, unless it was further shown that its employes in charge of the train were guilty of negligence in failing to avoid the accident, and therefore it can not be said in any event that more prominence was given plaintiff's claim than was given to the defense.

The court further charged the jury that if they should find that defendant was not required to fence its track at the place where the accident occurred, but should further find that defendant's agents and employes did not use ordinary care to provide a sufficient headlight, to keep a proper lookout ahead of the train, or blow the whistle, or ring the bell, or stop the train to prevent the collision, then a verdict should be rendered in plaintiff's favor. And in a special instruction requested by the plaintiff the court again submitted the issue of alleged negligence on the part of the engineer and fireman in failing to observe the mules in time to prevent striking them. Appellant contends that there was no evidence to authorize the charge, especially in view of the testimony of the engineer, Wm. Myers, that he had a good headlight, kept a lookout ahead of the engine, and as soon as he discovered the mules upon the track threw on the brakes, blew the whistle and rang the bell. Counsel for appellee have not called our attention to any evidence in the record which would warrant the submission of those issues of negligence, and we have not examined the statement of facts to ascertain whether or not it contains such evidence, in view of

the fact that the judgment is to be reversed and the cause remanded for the error above indicated. However, we suggest that, upon another trial, unless there is some evidence tending to show the negligence charged against the defendant and last above referred to, such a charge should not be given. See Gulf, C. & S. F. Ry. v. Anson, 101 Texas, 198; Texas & P. Ry. v. Shoemaker, 98 Texas, 451; Missouri, K. & T. Ry. Co. v. Baker, 99 Texas, 452.

Plaintiff's special charge No. 1 was also given, reading as follows: "The evidence in this case shows that the track of the defendant at the place where plaintiff's stock were killed was not fenced. Therefore the burden of proof is upon defendant to show that it was necessary to keep the track unfenced at said place; and unless you find from the evidence that it was necessary to keep said track at said place unfenced, then you will find for the plaintiff." In this instruction no guide is given to govern the jury in their determination of what conditions would render it necessary to keep the track unfenced. Appellant does not make this criticism upon the instruction, but we suggest the error contained therein in view of another trial.

By the sixth assignment of error appellant does criticise the special instruction last quoted as giving undue prominence to plaintiff's theory of the case, as the same issue had already been submitted in the main charge. We deem it unnecessary to pass upon the question thus presented, as all such criticisms will, doubtless, be avoided upon another trial. Reversed and remanded.

*Reversed and remanded.*