INTERNATIONAL & G. N. R. CO. v. MERIDETH.

(Court of Civil Appeals of Texas. Austin. May 10, 1911. Rehearing Denied May 31, 1911.)

RAILROADS (§ 441*)—INJURY TO ANIMALS ON TRACK—STATUTES—BURDEN OF PROOF.

Where the owner of a colt proved that it was killed by a train, and Rev. St. 1895, art. 4528, providing that every railroad company shall be liable for stock killed, unless the right of way be fenced, when they shall be liable only for injuries from want of ordinary care, had cast upon the railroad the burden of proving, as an excuse either that it had fenced its right of way or was not guilty of negligence, the mere fact that the colt was found dead on a highway which could not be fenced did not relieve the railroad of the necessity of showing that it was not guilty of negligence, where the highway was adjacent to an unfenced portion of the right of way, as the animal might have gone on the tracks at one of the unfenced places.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 1575–1595; Dec. Dig. § 441.*]

Appeal from Hays County Court; Ed R. Kone, Judge.

Action by W. A. Merideth against the International & Great Northern Railroad Company. From a judgment for plaintiff, defendant appeals. Affirmed.

Fisher & Fisher and John M. King, for appellant. Will G. Barber, for appellee.

RICE, J. This action was brought by appellee against appellant for damages sustained on account of the killing of a certain colt, of the alleged value of $250, claimed to have been struck by the cars of appellant on the night of January 24, 1908, near the town of Buda. There was a nonjury trial, resulting in a judgment in favor of appellee for the sum of $250, from which this appeal is prosecuted.

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

Appellant defended on the ground that, if its cars struck and killed the colt in question, then the same was struck on a public road crossing, at a place where defendant could not fence its track or right of way. Appellant's main contention is that the proof fails to show liability on its part, and that the judgment was, therefore, improperly entered against it. The proof shows that at the town of Buda the railway ran practically north and south, and that just south of the town a public road crossed its track, running east and west. There was an unfenced strip of land, some 120 feet wide, at this point, through the northern part of which this public road ran, crossing the railway track. The remainder of the strip lying south of this public road is some 65 or 70 feet wide, and is a part of the Burleson place. The right of way of the railway south of this public road for some 65 or 70 feet is unfenced. The testimony is that it is no part of the depot grounds, and could have been fenced, and the evidence shows that the animal was killed by reason of contact with the cars of said railway company; but there is no affirmative evidence as to the exact point where it was struck, it being found dead the next morning lying in the crossing, some 15 or 20 feet south of the north edge of the public road. There is testimony, however, to the effect that an animal, when struck by a train, is frequently knocked from 20 to 50 feet by it.

Article 4528, Rev. Civ. Stat. 1895, provides that: "Each and every railroad company shall be liable to the owner for the value of all stock killed or injured by the locomotives and cars of such railroad company in running over their respective railways, which may be recovered by suit before any court having competent jurisdiction of the amount. If the railroad company fence in their road they shall only be liable in cases of injury resulting from want of ordinary care." It is contended by appellee under this statute that he has made a prima facie case when he shows the killing of the animal by the company, and that in order to absolve it from liability it is necessary on its part to show facts, acts, or circumstances relieving it therefrom, citing in support of such contention Texas Central R. R. Co. v. Childress, 64 Tex. 349, I. & G. N. R. R. Co. v. Cocke, 64 Tex. 155, Railway Co. v. Loughbridge, 1 White & W. Civ. Cas. Ct. App. § 1300, Railway Co. v. Simpson, 2 Willson, Civ. Cas. Ct. App. § 670, Railway Co. v. Deon, 56 S. W. 104, Railway Co. v. Seiders, 50 Tex. Civ. App. 568, 110 S. W. 998, Railway Co. v. Adams, 24 S. W. 834, and Railway Co. v. Hico Oil Co., 126 S. W. 627. It is said by Chief Justice Willie, in Texas Central R. R. Co. v. Childress, supra, that "the clear meaning of the statute, as derived from its language, is that, if the owner of the stock proves that it has been killed or injured by the cars of the company, he shall recover damages, unless they prove that their road was fenced, in which event he shall not recover, unless the injury resulted from want of ordinary care on the part of the railroad company." So, then, if the burden is, therefore, thus cast upon the railway company, as appears to be the doctrine of the cases above cited, by merely showing a killing, then has it discharged this burden, where it only appears that the animal is found dead upon the crossing adjacent to an unfenced portion of its right of way? We think not. There is as much probability, under the evidence in the instant case, that the colt was struck south of the crossing, and thrown by force of the collision to the point where found, as that it was struck at the point where found the next morning; for it is a matter of common knowledge that an animal struck by a rapidly moving train will be thrown by the impact some distance from the point where struck, as illustrated by the evidence in this case. If it had entered on the unfenced portion of the track, which it could have done, then there is as much probability that it was struck south of the road crossing, and carried to the point where found, as that it was struck and killed at the very point where found. A portion of its track being unfenced adjacent to the public road imposed upon the company the burden of showing that it was not negligent for the killing, and in order to discharge this burden it must show facts or circumstances to relieve it from this imposed liability. No evidence was offered on the part of the company, and the case was submitted on the evidence of the plaintiff, from which it appears that the animal was found dead on the road crossing as above indicated. This alone does not show that the animal was struck at the point where found. In order to relieve itself from liability it was necessary on the part of the company to either prove that its track was fenced or that the animal was struck or killed on the crossing. And, since the evidence fails to do either, we think that the judgment holding it liable ought to be sustained; for which reason the judgment of the court below is affirmed.

Affirmed.