Gulf, Colorado and Santa Fe Railway Company v. J. S. Simpson.

Decided December 9, 1905.

**1.—Fenced Track—Killing Stock—Charge.**

　　Where it is undisputed that defendant's track was fenced, it is error for the court to charge the jury that a railroad company is liable for the value of stock killed by its locomotives in running over its railway.

**2.—Same—Public Crossing.**

　　Where the evidence was without conflict that plaintiff's horses were killed on such a public crossing as defendant would not be allowed to fence, it was error to charge the jury that they might find for plaintiff if the horses were killed at a point where its right of way was not fenced and where public necessity or convenience did not require that it be unfenced.

**3.—Same—Discovered Peril.**

In the absence of evidence showing that defendant's employes saw the horses on the track or near the track before they were struck, it was error to charge the jury that it was the duty of defendant's employes to exercise ordinary care to avoid killing plaintiff's horses after they were discovered on the track. The fact that the track was straight for a great distance on either side of the crossing at or near which the horses were killed is not of itself sufficient to raise the inference that defendant's employes saw the horses on the track in time to avoid injuring them.

Appeal from the County Court of Bosque County. Tried below before Hon. P. S. Hale.

*J. W. Terry* and *A. H. Culwell,* for appellant.—Where the evidence shows that the track and right of way of the railway company were fenced, and that the animals got on to the track through a road crossing, which crossing was used by the public, then the railroad company would not be responsible for killing said animals in the absence of a showing of negligence on its part, and in this case there is a total failure of evidence showing any character or degree of negligence whatever. It was not sufficient merely to show that the animals were killed by the train, and such is all that was shown by the plaintiff on the trial of this case. The evidence was, therefore, insufficient to support a verdict in his favor. Missouri, K. & T. Ry. Co. v. Kennedy, 76 S. W. Rep., 943; International & G. N. R. R. Co. v. Erwin, 67 S. W. Rep., 466; Galveston, H. & S. A. Ry. Co. v. Reitz, 65 S. W. Rep., 1088.

*Cureton & Cureton,* for appellee.—Where the evidence shows that at a crossing the defendant railway company has maintained worn out and defective stock gaps leading into the right of way, and stock are in the habit of crossing over the same into the right of way to eat Johnson grass growing therein, and that afterwards two of the horses are struck by the defendant's trains either on the gap or in the act of going onto the same, the issue as to whether or not the maintainance of the defective gap is negligence, and whether or not such negligence is the proximate cause of the death of the animals is a question to be submitted to the jury, and where the same has been submitted, and by the jury resolved against the defendant, it is not error to overrule the defendant's motion for new trial. Rev. Stats., arts. 4527, 4525, 4528, 4523; International & G. N. Ry. Co. v. Richmond, 67 S. W. Rep., 1031; Gulf, C. & S. F. Ry. Co. v. Cash, 28 S. W. Rep., 387; International & G. N. Ry. Co. v. Erwin, 67 S. W. Rep., 466.

Where the evidence shows that the defendant's right of way was not fenced at the place of killing of the animals in question, and that the same could have been fenced by the defendant, and that the leaving of the same unfenced was its voluntary act, then the defendant would be liable for the killing of the animals at such place, and it is not error to overrule a motion for new trial, where the issue has been submitted to a jury, and a verdict returned in favor of the plaintiff. Rev. Stats., art. 4528.

SPEER, ASSOCIATE JUSTICE.—Appellee sued appellant in the Justice

Court to recover the value of two animals alleged to have been killed by the trains of appellant company. The case was subsequently carried to the County Court by appeal, and a trial there resulted in a verdict and judgment in appellee's favor for the sum of $105, from which judgment this appeal is prosecuted.

Among other things the court instructed the jury as follows: "You are instructed that a railroad company is liable to the owner for the value of stock killed by its locomotive and cars in running over its railway. If the railroad company fence in its road, it shall only be liable for injury resulting from want of ordinary care on its part. If a railroad kills stock at a public or private crossing it is not liable unless such killing resulted from the failure on its part to exercise ordinary care to prevent same." The first part of this charge is not applicable to this case. It appears to be a statement of the statute defining the liability of railway companies for stock killed by their trains. In this case it is undisputed that appellant had fenced its right of way, and for the court to instruct the jury, notwithstanding this, that a railroad company is liable to the owner for the value of stock killed by its locomotives and cars in running over its railway, is possibly misleading, and such feature should be omitted from the charge in another trial. Whether the same would itself work a reversal of the case we need not decide.

There was error in the following section of the court's charge: "If you believe from the evidence that about March 17, 1903, and June 5, 1903, the defendant in McLennan County, Texas, ran its locomotive or cars against and killed plaintiff's horses, or either of them, as alleged, and at a point where its right of way was not fenced and where public necessity or convenience did not require that it be unfenced, you will find for plaintiff in such sum," etc. We think the effect of the undisputed evidence is to show that the place where the animals entered upon the track was such a public crossing as appellant would not be allowed to fence up, and the issue submitted in the charge, therefore, was not raised by the evidence. Under it the jury was authorized to find against appellant if it could have fenced the crossing.

We have also been unable to find in the record any evidence sufficient to justify the court's charge, imposing upon the operatives of appellant's train the duty to exercise ordinary care to avoid running down appellee's horses after they were discovered on the track. No witness testified to having seen the animals killed. The track is straight for a great distance on either side of the crossing at or near which they were killed, but that circumstance is not itself sufficient, even when aided by the presumption that appellant's servants were performing their duty in keeping a lookout ahead, to raise the inference that they saw appellee's horses on the track in time to have avoided injuring them. There is a complete absence of evidence to show that the horses, or either of them, had been on the track for such a length of time as to warrant the inference that appellant's employes operating the train, saw them. On the contrary, the testimony tends to show that the animals had just gone upon the track at the point where it enters an enclosure, and were in the act of crossing over appellant's defective stock gap, when they were struck, the one by a northbound and the other by a southbound train. Both animals seem to have been at or near the same point when killed.

The same remarks also apply to the latter part of the same paragraph of the charge, wherein the company's operatives were required to use "ordinary care to prevent injuring them, if it appears they are likely to put themselves in a place of danger."

Under the facts as shown in this record, appellee would only be entitled to recover upon a finding to the effect that appellant was negligent in maintaining its stock gap in a defective condition, and that its negligence in this respect was the proximate cause of the injury to his horses. The question of negligence upon the part of appellant's train operatives at the time of the accident seems not to be raised by the evidence.

For the errors discussed, the judgment is reversed and the cause remanded for another trial.

*Reversed and remanded.*