INTERNATIONAL & G. N. RY. CO. v. MAT-
THEWS BROS.

(Court of Civil Appeals of Texas. Austin.
June 18, 1913.)

1. RAILROADS (§ 441*)—KILLING ANIMALS—
HORSES — SWITCH LIMITS — BURDEN OF
PROOF.

Where plaintiffs' horse was killed by de-
fendant railroad company at a point within the
switch limits of a town, where the railroad com-
pany was not required to fence its track, plain-
tiffs could not recover without proof that de-
fendant was negligent in respect to the killing,
and that such negligence was the proximate
cause thereof.

[Ed. Note.—For other cases, see Railroads,
Cent. Dig. §§ 1575–1595; Dec. Dig. § 441.*]

2. RAILROADS (§ 417*)—KILLING ANIMALS—
NEGLIGENCE—EVIDENCE.

Where plaintiffs' horse was killed by de-
fendant railroad company within the switch lim-
its of a town, evidence that the train by which
the horse was probably killed passed through
the town very fast, without blowing the whistle
or sounding the bell, was not of itself sufficient
to establish the railroad company's negligence.

[Ed. Note.—For other cases, see Railroads,
Cent. Dig. §§ 1484–1487; Dec. Dig. § 417.*]

3. NEGLIGENCE (§ 121*) — NEGLIGENT ACT —
CAUSAL CONNECTION—PRESUMPTIONS.

Neither an alleged negligent act or omis-
sion, nor the causal connection between it and
the injury, can be presumed, but the burden is
on plaintiff to prove it.

[Ed. Note.—For other cases, see Negligence,
Cent. Dig. §§ 217–220, 224–228, 271; Dec. Dig.
§ 121.*]

4. RAILROADS (§ 441*)—KILLING ANIMALS—
NEGLIGENCE—RES IPSA LOQUITUR.

Evidence that plaintiffs' horse, with two of
his legs broken, was found on defendant's rail-
road track within its switchyard, and that the
train by which the horse was probably struck
passed through the town at high speed, without
blowing the whistle or sounding the bell, was in-
sufficient to raise a presumption of defendant's
negligence, so as to require defendant to offer
exculpatory evidence.

[Ed. Note.—For other cases, see Railroads,
Cent. Dig. §§ 1575–1595; Dec. Dig. § 441.*]

Appeal from Montgomery County Court;
S. A. McCall, Judge.

Action by Matthews Bros. against the In-
ternational & Great Northern Railway Com-
pany. Judgment for plaintiffs, and defendant
appeals. Reversed and remanded.

W. M. Williams and A. L. Kayser, both of
Conroe, for appellant. S. A. Crawford, of
Willis, for appellees.

RICE, J. On the night of December 18,
1911, one of the appellees' horses was found
injured on appellant's track in the town of
Willis, from the effects of which it died, and
this action was brought by them in the jus-
tice's court against appellant to recover dam-
ages therefor. A trial there having resulted
in favor of appellees, an appeal was taken to
the county court, where a similar judgment
was had against appellant, from which this
appeal is prosecuted.

[1] After general demurrer and general
denial, appellant pleaded specially that the

horse, if killed by it, was killed in the set-
tled portion of the town of Willis and within
its switch limits, where public necessity and
convenience required its track to be left un-
fenced. The evidence showed that the animal
was found with both legs broken lying on
the track within the switchyard of appellant,
a place not required to be fenced. Railway
v. Blankenbeckler, 13 Tex. Civ. App. 249, 35
S. W. 331. Hence, before the appellees were
entitled to recover, they must show that the
appellant was guilty of negligence in respect
to such killing, and that the same was the
proximate cause thereof.

[2] Has this been shown by the evidence?
We think not. It is true that the proof shows
that the animal was found injured as above
described on the railway track, and that it
was likely struck by a passing train, most
probably by the 4 o'clock morning train going
south, which it appeared from the testimony
ran very fast through the town, without
blowing the whistle or sounding the bell;
but it has been held that this, in and of itself,
does not show negligence. See T. & P. Ry.
Co. v. Shoemaker, 98 Tex. 451, 84 S. W. 1049;
Elliott on Railroads, §§ 1204–1586. No witness
saw the accident, and the details are not
given, and we are left entirely to conjecture
as to how it occurred. It might be concluded
that the animal was on the track, and the
engineer saw it in time to have prevented the
injury, and that he was negligent in failing
to do so, and, if these facts were shown, it
would be our duty to sustain the judgment;
but we may just as easily infer that the ani-
mal, when the train came along, was fright-
ened by its noise, and suddenly ran in front
thereof and was killed, without fault of the
servants of the company, and, if so, no re-
covery could be had. It is true it is shown
that the track was straight, and the bell was
not rung or the whistle blown; but it does
not appear that this was the proximate cause
of the injury. See M., K. & T. Ry. Co. v.
Baker, 99 Tex. 452, 90 S. W. 869.

[3] The burden was upon the appellees, not
only to show negligence on the part of appel-
lant, but that such negligence, if any, was the
proximate cause of the injury. "This fact
of causal connection between an alleged neg-
ligent act or omission and an injury can no
more be presumed than can the act or omis-
sion itself." T. & P. Ry. Co. v. Shoemaker,
98 Tex. 456, 84 S. W. 1052; M. P. Ry. Co. v.
Porter, 73 Tex. 307, 11 S. W. 324; Tex. & N.
O. Ry. Co. v. Crowder, 63 Tex. 505.

[4] It is true there was no evidence offered
on the part of appellant explaining the acci-
dent; but it is said in 2 Wharton on Evi-
dence, § 1268, that the defendant is not
called on to bring evidence of exoneration
until plaintiff has made a prima facie case.
No presumption, therefore, can be indulged
against it on account of its failure in this
respect. The evidence leaves us in the dark

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

as to the circumstances surrounding the accident, without which we are wholly unable to determine whether the appellant was guilty of negligence in reference thereto.

This case is very similar to that of Railway v. Anson, 101 Tex. 198, 105 S. W. 990, upon the authority of which we hold that the evidence was insufficient to sustain the judgment, and sustain the assignment that the court erred in failing to give a peremptory charge in favor of appellant, as requested by it. See Railway Co. v. Simpson, 41 Tex. Civ. App. 125, 91 S. W. 875; Railway v. Blake, 43 Tex. Civ. App. 180, 95 S. W. 593; Railway v. Randal, 48 Tex. Civ. App. 637, 108 S. W. 505.

It appearing that the case has been fully developed, it becomes our duty to reverse the judgment of the court below, and here render same in favor of appellant, which is accordingly done.

Reversed and rendered.