## TEXAS & P. RY. CO. v. HUBBARD.
### (No. 1276.)

(Court of Civil Appeals of Texas. Texarkana. July 4, 1914. Rehearing Denied Oct. 15, 1914.)

1. APPEAL AND ERROR (§ 501*)—RESERVATION OF GROUNDS OF REVIEW—EXCEPTIONS.

Assignments of error, predicating error upon the giving and refusing of instructions, could not be considered, where no bill of exceptions was taken to the charges as required by the latest law.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2300–2305; Dec. Dig. § 501.*]

2. RELEASE (§ 57*)—EVIDENCE—WEIGHT AND SUFFICIENCY.

In an action for personal injuries, evidence as to plaintiff's condition when he executed a release about 14 hours after the accident and while in the hospital, and as to his understanding that the amount paid him was for expenses, held to support a verdict for plaintiff.

[Ed. Note.—For other cases, see Release, Cent. Dig. §§ 106–108; Dec. Dig. § 57.*]

3. RELEASE (§ 15*)—VALIDITY—CAPACITY TO EXECUTE RELEASE.

A release of a claim for damages for personal injuries, executed while a party was in a semiconscious condition to such an extent

that he did not know what he was doing, was not binding upon him.

[Ed. Note.—For other cases, see Release, Cent. Dig. § 30; Dec. Dig. § 15.*]

Appeal from District Court, Harrison County; H. T. Lyttleton, Judge.

Action by John Hubbard against the Texas & Pacific Railway Company. From a judgment for plaintiff, defendant appeals. Affirmed.

F. H. Prendergast, of Marshall, for appellant. Lane & Lane and M. B. Parchman, all of Marshall, for appellee.

LEVY, J. The appellee brought the suit to recover damages claimed to have been received by him on October 20, 1911, while he was a passenger on the railroad. The appellant set up in its answer that the plaintiff was injured and that he settled his claim with the railway company, and the railway company paid him $50 and took a receipt in full for all damages sustained by him. The plaintiff, by supplemental petition, averred that if he ever signed the release set up by the defendant, it was at a time when his mind was in a dazed or unconscious state, due to pain and suffering from the injury and morphine and medicine taken to ease the pain, and that the agents of the defendant, knowing of his condition, fraudulently took advantage of his condition and procured the release, and, further, that if he ever received the $50 mentioned it was by way of check, and was given to and received by him to enable him to get home, and not in settlement or part settlement of his claim, and that he was willing to have it credited on any judgment he might recover. There was a verdict and judgment for the appellee for $2,999, less $50. As no question on appeal is made in respect to negligence, we must assume that negligence as a fact was proven or conceded. The only issues submitted to the jury were with reference to the release and the amount of damages.

[1] The second, third, fourth, seventh, and eighth assignments predicate error upon the giving and refusing of charges. As there was no bill of exceptions taken to the charges, as required by the latest law, we are without authority to consider the assignments and the propositions thereunder. Ry. Co. v. Phebe Moody, 169 S. W. 1057, this day decided by this court.

[2, 3] The ninth assignment predicates error on the part of the court in not granting a new trial, upon the ground that the verdict of the jury is contrary to the evidence. The point made is that the circumstances surrounding the settlement are not sufficient to entitle the plaintiff to disregard or set aside the settlement he made. Between 1 and 2 o'clock at night, while a passenger, the appellee received injuries and was rendered unconscious, and was taken to the hospital of the appellant at Marshall. On the way to the hospital appellee regained consciousness. After arriving at the hospital he was given a drink of whisky by the nurse, and the attending physician administered a hypodermic of morphine to ease the pain and quiet him, all of which, according to the evidence, was the proper and necessary thing to give appellee at the time. Appellee became easy and passed into a sleep. It appears that between 3 and 4 o'clock of the following afternoon, which was about 14 hours after the injury was received, the appellee signed a written release, the effect of which was to make full settlement with the appellant for all injuries received on the occasion in question, for the sum of $50. The effect of appellee's testimony is:

"I do not remember signing any papers giving defendant or any other person a release to a claim for damages sustained by me. I do not remember signing such paper, because my mind was in a dazed condition, caused so, I believe, by the medicine administered by the physician at the hospital for the purpose of relieving the great pain and distress from which I suffered after my admission to the hospital. My condition shortly after going to the hospital was one of great bodily pain and distress, which did not stop until the medicine was given me by the doctor, after which I was either totally unconscious or in a dazed, semiconscious condition."

According to the testimony of the claim agent and the physician, the appellee was entirely rational, and knew what he was doing, and was willing to make the settlement at the time the instrument was signed. If it be true that the appellee was in a semiconscious condition to such an extent that he did not know what he was doing, and while in such condition signed the release and received the draft, the release would not be binding on him. And in view of appellee's further evidence that he took and cashed the draft the afternoon of the second day, with the understanding on his part at the time that the doctor had given it to him in order to pay his expenses to the end of his journey, it cannot be said, as a matter of law, that he knowingly accepted the check with the understanding and intention of making a settlement. It is believed by a majority of the court that there is sufficient evidence to support the finding of the jury as involved in this appeal.

The tenth assignment contends that the verdict of the jury is excessive in amount. If credence be given to the plaintiff's account of his injuries, the verdict is not excessive. And there is nothing in the record to suggest that the jury did not carefully and deliberately, without passion or prejudice, award such damages as they concluded the appellee had suffered. We, therefore, overrule the assignment.

The judgment is affirmed.

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes