TEXAS & P. RY. CO. v. MARRUJO.
(No. 380.)

(Court of Civil Appeals of Texas. El Paso.
Jan. 14, 1915. Rehearing Denied
Jan. 21, 1915.)

1. RAILROADS (§ 345*)—ACCIDENTS AT CROSSINGS—VARIANCE.

In an action for the negligent killing of a pedestrian at a railroad crossing, proof that the deceased was crossing from the north to the south is not a material variance from the allegation that he was crossing in the opposite direction; since it could not possibly surprise or mislead the defendant so as to deprive it of its defense to the real cause of action.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 1113–1116; Dec. Dig. § 345.*]

2. RAILROADS (§ 337*)—ACCIDENTS AT CROSSINGS — WARNING SIGNALS — PROXIMATE CAUSE.

The failure of railroad enginemen to sound warnings on approaching a highway crossing does not render the company liable for the death of a pedestrian killed at the crossing, unless it was the proximate cause of such death.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 1090–1095; Dec. Dig. § 337.*]

3. APPEAL AND ERROR (§ 1001*)—REVIEW—VERDICT—PROXIMATE CAUSE.

Where there is sufficient evidence to take to the jury the question whether the negligence of defendant was the proximate cause of the injury, the jury's verdict on that issue cannot be disturbed.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3922, 3928–3934; Dec. Dig. § 1001.*]

4. RAILROADS (§ 337*)—ACCIDENTS AT CROSSINGS — WARNING SIGNALS — PROXIMATE CAUSE.

Where the testimony showed that deceased stepped on a railroad track at a highway crossing, where the view was unobstructed, only 25 feet in front of a freight train consisting of 22 cars, which necessarily made considerable noise, and whose headlight lighted up the track for a quarter of a mile, it cannot be said that the blowing of the whistle or ringing of the bell would have been effective to warn him, and the failure to sound such signals was therefore not the proximate cause of his death.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 1090–1095; Dec. Dig. § 337.*]

Appeal from District Court, El Paso County; M. Nagle, Judge.

Action by Mipania A. de Marrujo, for herself and as next friend of Sofio Marrujo, against the Texas & Pacific Railway Company. Judgment for the plaintiff, and defendant appeals. Reversed and remanded.

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

Peyton F. Edwards, of El Paso, for appellant. C. L. Vowell, of El Paso, for appellee.

HARPER, C. J. Appellee, Mipania A. de Marrujo, instituted this suit for herself, as surviving wife, and as next friend of her son, Sofio Marrujo, a minor son, against the Texas & Pacific Railway Company, to recover damages for the death of Victoriano Marrujo, husband and father, alleged to have been caused by the negligence of the defendant. Plaintiff alleged that on or about March 8, 1913, Victoriano Marrujo, while traveling along a public highway which crosses the railway company's line of track, and that while crossing the track at a public crossing on same, in a careful and prudent manner, was run over and killed by a locomotive and train of cars being operated by the employés of the said company; that at the time he was run over the train was being operated at a rapid speed—to wit, 40 miles per hour; that there was no warning signal given of the approach of the train, neither by ringing the bell nor by blowing the whistle, and no headlight burning in said engine; that the approach to said crossing is obscured by buildings, fences of brush and weeds; that at the time of the accident he was attempting to go from south to north across defendant's track along the public highway in the ordinary manner, keeping a reasonably careful lookout to preserve his life and body. She further alleged that on account of the failure of the employés of the company to have a headlight on the engine, to blow the whistle, and to ring the bell 80 rods from said crossing, and to keep same ringing to the crossing, and by running the train at a dangerous rate of speed, the deceased had no notice of its approach, and thereby, and by these means, was negligently killed.

The defendant admitted that the deceased was killed while crossing its track at a public crossing, but denied that he was using the highway in a careful and prudent manner at the time, and denied that its employés were guilty of the negligent acts charged at the time, and alleged specifically that the train was not being run at an excessive rate of speed; that the electric headlight was burning brightly; that the whistle was blown, as required by law, and denied that deceased was traveling from south to north across the track, and denied that deceased was keeping a reasonably careful lookout to preserve his life; that the track is clear and open both on the north and south sides, and that the train could be seen approaching for a long distance from said crossing.

The cause was submitted to a jury, and a verdict for plaintiff for $3,000 rendered, from which this appeal has been perfected.

[1] The first assignment charges that the verdict of the jury is contrary to the evidence, and the evidence is at variance with the allegations in the pleadings, in that the petition alleged that the deceased was attempting to cross defendant's railway track going from south to north, and the overwhelming testimony was that he was coming from the north, crossing to the south. There is no merit in this assignment. The rules of practice in civil cases are not so rigid as contended for by appellants. They are framed with the object in view that no person liable shall escape liability, if the pleadings of plaintiff reasonably inform him of the grounds upon which his cause of action is based, and if the allegations and proof do not so vary as to subject the pleadings to the criticism that the one sought to be held liable was surprised or misled. Kirby Lumber Co. v. Poindexter, 103 S. W. 439. There could certainly be nothing in the allegation that deceased was going north along a public road when attempting to cross defendant's track, when in fact he was going south, that could mislead or surprise defendant into a failure to defend for the real cause of action, which is that the deceased was killed by reason of the negligence of defendant railway company while crossing the latter railway track; and the acts of negligence alleged are: First, that the defendant's track was obscured, as alleged; second, an excessive rate of speed of the train; third, failure to blow the steam whistle; fourth, failure to ring the bell as required by law; and, fifth, failure to keep a headlight burning.

This brings us to the only other assignment of error, which, tersely stated, is that there is no evidence of any negligent act charged which was the proximate cause of the injury which resulted in the death of deceased. There is no evidence in the record of any obstruction on the defendant's right of way which obscured the view of trains approaching this crossing, and none that the train was moving at an excessive rate of speed. All the evidence of witnesses who place themselves by their testimony in a position to see is to the effect that the train headlights were burning brightly before and at the time of the accident, and could be seen by any person who chose to look many yards before reaching the crossing in question. It is practically admitted that the whistle was not blown nor the bell rung for this particular crossing. The whistle had been blown for a switch a half mile or so east of the road crossing, but not for this crossing.

[2] The sole question, then, to be determined by this inquiry is: Is there any evidence that the failure upon the part of the trainmen to ring the bell and blow the whistle for this road crossing was the proximate cause of the accident? In other words, is it at all likely or probable that if the bell had been ringing and the whistle blowing, either or both, the deceased would have been warned of his danger in time to have avoided it, and that thereby the accident would have been averted? The mere fact that the bell

was not rung, etc., is not sufficient to enable plaintiff to recover, but such failure must have been the proximate cause of the accident and so proven to be. Int. & G. N. Ry. Co. v. Matthews Bros., 158 S. W. 1048; T. & P. Ry. Co. v. Moody, 169 S. W. 1058.

[3] If there was sufficient evidence to require the trial court to submit this question to the jury, this judgment cannot be disturbed upon appeal. Texas Midland Railway Co. v. Wiggins, 161 S. W. 445.

[4] The only direct and positive testimony in the record, that of eyewitnesses, as to how deceased came to his death, is that of the engineer of the train. In substance, his testimony is as follows:

"I remember striking the man. I had a freight train of 22 cars. The headlight was burning brightly; nothing wrong with it whatever; and we had other lights on the engine besides the headlight. The electric headlight would throw light a quarter of a mile, and can be seen a long ways—many miles. When I first saw the man he was not on the track. I first saw him just a few seconds before I struck him, in 20 or 25 feet of him. He was close up to the rail. When I first saw him I shut off steam as quick as I could and applied the brakes, and did everything in my power to stop the train. He apparently was going on the track, and made no effort to turn around or step back or anything of the kind."

It is a matter of common knowledge that a freight engine drawing a train of 20 freight cars makes a great deal of noise, so, in view of this, together with the uncontradicted fact that the electric headlight was shining along the track, it is apparent that the deceased went upon the defendant's railroad track in front of an approaching train under such circumstances as to place it beyond question that he was to blame for the accident, and that, if the bell had been ringing and the whistle blowing, he could not have had any more effective warning of the approach of the train than was given by the noise of the train and the bright light shining upon the track. Therefore the acts of negligence charged to the defendant's train operators could not reasonably be held, under the facts in this record, to be the proximate cause of the accident and consequent injuries to deceased.

The assignment, therefore, is sustained, and the cause reversed and remanded. Gulf, C. & S. F. Ry. Co. v. Townsend, 82 S. W. 804; Texas Midland Ry. Co. v. Wiggins, 161 S. W. 445; T. & P. Ry. Co. v. Shivers, 48 Tex. Civ. App. 112, 106 S. W. 894.

Reversed and remanded.