MISSOURI, K. & T. RY. CO. OF TEXAS v. LONG. (No. 5428.)

(Court of Civil Appeals of Texas. Austin. Feb. 17, 1915.)

1. RAILROADS ⊚⟶441—INJURY TO ANIMALS—BURDEN OF PROOF.

Where plaintiff's horse was killed by being struck by defendant's train within the switch limits of a town, where the company was not required to fence, the burden was on plaintiff to show that the negligence of defendant's servant operating the train was the proximate cause of the injury.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 1575–1595; Dec. Dig. ⊚⟶441.]

2. RAILROADS ⊚⟶443—INJURY TO ANIMALS ON TRACK—SUFFICIENCY OF EVIDENCE.

In an action for value of a horse killed on defendant's railroad track, evidence *held* sufficient to sustain a verdict for plaintiff.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 1608–1620; Dec. Dig. ⊚⟶443.]

3. APPEAL AND ERROR ⊚⟶207—OBJECTION—ARGUMENT OF COUNSEL—REQUEST.

The court on appeal will not consider whether remarks of counsel to the jury will cause reversal, where the court was not requested to instruct the jury either orally or in writing to disregard the remarks.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 1500; Dec. Dig. ⊚⟶207.]

Appeal from Caldwell County Court; J. T. Ellis, Judge.

Action by J. H. Long against the Missouri, Kansas & Texas Railway Company of Texas. From a judgment for plaintiff, defendant appeals. Affirmed.

A. B. Storey, of San Antonio, and Jeffrey, Jeffrey & Fielder, of Lockhart, for appellant. E. B. Coopwood and Nye H. Clark, both of Lockhart, for appellee.

JENKINS, J. [1, 2] This is a suit for the value of a horse, alleged to have been killed by the negligence of appellant. The jury returned a verdict in favor of plaintiff, appellee herein, and judgment was entered accordingly. The horse was killed by being struck by appellant's freight train within the switch limits of the town of Dale. The injury occurring at a place where the company was not required to fence its track, the burden was on appellee to show that the negligence of appellant's servants operating the train was the proximate cause of the injury. The verdict of the jury implies such finding, and we think that the evidence was sufficient to sustain such verdict. The train was a special from the East and did not stop at Dale. A horse, which the evidence warranted the jury in finding was the one that was killed, was seen feeding within 4 to 6 feet of the track, with his head toward the track, when the engine pulling the train was some 400 yards east of the horse. The track is straight, and there is nothing to prevent the engineer from seeing him at the time, and from thence until he was struck. It was night, but the track was straight with no obstructions, and the light from the headlight was sufficient to enable two other parties, who were a short distance west of the horse, to see him plainly. These parties crossed the track and passed on, and did not see the engine strike the horse. The engineer testified that he did not see the horse until his engine was in some 25 or 30 feet of it, and that it was then on the track and he

could not stop his engine after such discovery in time to prevent striking the horse. The evidence warranted the jury in believing that the engineer was negligent in not keeping a proper lookout. The evidence upon the part of appellee was that the train was running at a high rate of speed, and that the whistle was not blown and the bell was not rung, though the horse was killed near a public crossing. The facts of this case differentiate it from Railway Co. v. Matthews, 158 S. W. 1048, and other cases of like character cited by appellant.

[3] We do not think it probable that remarks of appellee's attorney to the jury, even if improper (and we do not hold them so to have been), probably influenced the jury in finding their verdict. · Besides, it does not appear that the court was requested by appellant to instruct the jury, either orally or in writing, to disregard such remarks.

Finding no error of record, the judgment of the trial court is affirmed.

Affirmed.

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes