### MISSOURI, K. & T. RY. CO. OF TEXAS v. SCALES. (No. 1496.)

(Court of Civil Appeals of Texas. Texarkana. June 10, 1915.)

RAILROADS ⬿424 — INJURIES TO STOCK ON TRACKS—LIABILITY.

Plaintiff's cow was killed while running at large in a town, an ordinance of which prohibited stock from running at large. The train which struck and killed the animal passed through the town running at a high rate of speed. The railroad company had allowed Johnson grass and cotton seed to accumulate on its tracks near the point where the cow was killed. *Held* that, in the absence of a showing that the cow would not have been struck had the train been running at a moderate rate of speed, the railroad company cannot be held liable without proof of other negligence than the speed and the accumulation of feed.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 1521–1526; Dec. Dig. ⬿424.]

Appeal from Fannin County Court; S. F. Leslie, Judge.

Action by T. C. Scales, Jr., against the Missouri, Kansas & Texas Railway Company. From a judgment for plaintiff, defendant appeals. Reversed and rendered.

Chas. C. Huff, of Dallas, and Evans & Evans, of Bonham, for appellant. S. M. Ross, of Leonard, and E. L. Agnew, of Bonham, for appellee.

HODGES, J. This appeal is from a judgment in favor of the appellee against the appellant for the sum of $200 as damages for negligently killing a cow. The ground relied on for a reversal is the insufficiency of the evidence to show negligence justifying judgment for any amount against the appellant.

The facts show that the cow was killed on the night of October 1, 1914, while running at large near the depot in the town of Trenton. It is admitted that she was struck by what is referred to in the evidence as the "Limited," a fast train, which passed through Trenton during the night without stopping at that station. The negligence charged is in running the train at a high rate of speed and in permitting the accumulation of Johnson grass and cotton seed near the track of the railroad, calculated to tempt cattle to go there for the purpose of feeding. There was testimony tending to show that the train passed through Trenton at the usual rate of speed, which was about 30 or 35 miles per hour. Just how the cow came to be struck, or whether she was seen or could have been seen by the employés in charge of the train in time to have prevented a collision, does not appear from the testimony. It is admitted that the town of Trenton is incorporated and has an ordinance which prohibits stock from running at large. The appellee testified that, on the night of the killing, his cow by some means got out of the lot where she had been confined, and wandered to the railroad track. She was discovered feeding near the railroad, in the vicinity of the place where she was killed, some hours previous to the accident, by the station agent, and driven away. It appears that she returned, probably tempted to do so by the cotton seed and Johnson grass on the track.

It may be conceded that the testimony was such that the court was justified in finding that the employés in charge of the Limited were guilty of negligence in running at a high rate of speed through the town of Trenton, but there is no evidence that this negligence was the proximate cause of the collision with the cow. The accident might have occurred had the train been going at a more moderate rate. There is no evidence tending to show that those employed knew that the cow was at large or was near the track and in a place of danger. The facts are very similar to those in Railway Co. v. Matthews, 158 S. W. 1048, and we think the rule there announced should be applied here. It would be going a long way to convict a railroad company of negligence with reference to the operation of its trains upon proof that it had permitted grass to grow upon its right of way or had dropped cotton seed near the track in a district where stock were forbidden by law to run at large.

The judgment of the county court is reversed, and judgment will be here rendered for the appellant.