FRANK MORRIS, APPELLEE, v. CHICAGO, BURLINGTON & QUINCY RAILROAD COMPANY ET AL., APPELLANTS.

FILED JULY 3, 1917.   No. 19144.

1. **Railroads:** INJURY TO OCCUPANT OF AUTOMOBILE: CONTRIBUTORY NEGLIGENCE. Under the circumstances in this case, one who by invitation rode in an automobile driven by another and remained in it, with knowledge that it was approaching a dangerous railroad crossing, without requesting the driver to stop or to take other necessary precautions to avoid danger, was guilty of contributory negligence, and cannot recover for personal injuries sustained from colliding with a passing train, even though no signal by the locomotive bell or whistle was given.

2. ———: CARE REQUIRED AT CROSSINGS. "It is the duty of a traveler upon a public highway when approaching a railroad crossing to exercise ordinary care, and if he fails to do so and is injured at the crossing by a collision with an engine, and his failure to exercise ordinary care contributed to such injury,. he cannot recover therefor." *Omaha & R. V. R. Co. v. Talbot*, 48 Neb. 627.

3. ———: ACCIDENT AT CROSSING: RECOVERY: PROOF. "To recover for an injury alleged to have been sustained at a railroad crossing by a collision with an engine on account of the neglect of the railroad company to cause a bell or whistle to be sounded as its engine approached such crossing, it is not enough for the injured person to show that he was injured at the crossing, and that no signal of a bell or whistle was given, and that such default of the railroad company was negligence; but, to recover, the injured person must further show that the default and negligence of the railroad company were the proximate cause of the injury sued for." *Omaha & R. V. R. Co. v. Talbot*, 48 Neb. 627.

4. ———: ———: ———: ———. The testimony examined, and *held* that plaintiff is not entitled under the law to recover for personal injuries sustained.

APPEAL from the district court for Harlan county: HARRY S. DUNGAN, JUDGE. *Reversed.*

*E. E. Whitted* and *J. L. Rice,* for appellants.

*J. G. Thompson* and *John Everson, contra.*

DEAN, J.

This is a companion case to the personal injury action of *Askey, Adm'r, v. Chicago, B. & Q. R. Co., ante,* p. 266. This case and the *Askey* case grew out of the same accident, but were tried to a jury separately. In the present case plaintiff recovered judgment for $5,000 for personal injuries he sustained. From this judgment an appeal has been prosecuted.

The facts that are discussed in the *Askey* case that may be necessary to consider in arriving at an understanding of the present case need not be here repeated. At the time of the accident plaintiff's party was riding in a Ford automobile owned and driven by Thomas Askey. He was seated beside the driver in the front seat on the right hand side, that being the direction from which the train came

with which the automobile collided. The train came from the west and the automobile was going south. It appears that plaintiff was 30 years of age and Mr. Askey was about 35, and that the hearing and the eyesight of both were good. He said he was acquainted with the vicinity where the accident occurred, and that he had once lived about 3½ miles from that point, and he also testified that he crossed the track there three times in an automobile on the day of and shortly before the collision, the last time being only 20 minutes before it happened, and on one or more of these occasions plaintiff himself drove the car.

Mr. Morris says that the automobile was running at the rate of about 12 or 15 miles an hour, and that when they approached the railroad crossing he looked along the track to the east, but that he could not see to the west, the direction from which the train came, on account of some trees that obstructed the view, and that when he first saw the train coming the car in which he and his party rode was about 20 or 30 feet from the railroad track, and immediately he started to jump out of the machine, and got as far as the running board or fender. From the rate of speed at which the automobile was traveling, as testified by plaintiff, it may be inferred from the testimony that, if plaintiff had been in a normal condition, he could have induced his companion either to slow down or stop the machine, or that he could have jumped from the car in any event in time to save himself. With respect to the time when plaintiff first saw the train he testified: "Q. What did Mr. Askey do, if anything, when you saw the train? A. He says, 'My God, there is a train.' Q. What did he do? A. Well, he started to—the last I seen of him he was stooped over."

One of the main questions to be determined in the present case is whether plaintiff is chargeable with or shared the negligence and carelessness imputed to the administrator's decedent in the *Askey* case. In this case, as in the *Askey* case, the testimony shows that considerable quantities of intoxicating liquor had been consumed by plain-

tiff and some of his companions on the afternoon in which the accident occurred and shortly prior thereto, but it is not deemed necessary to discuss here that feature of the case, for reasons already given.

That plaintiff's carelessness and negligence in the premises contributed to his injury is fairly deducible from the record. Even though he was not driving the machine, it was his duty to look and listen where looking and listening would have been effective and where he knew there was danger. In a case of like import it was said by Kirkpatrick, C., in *Hajsek v. Chicago, B. & Q. R. Co.*, 5 Neb. (Unof.) 67: "The opportunities for observation of plaintiff were equal, if not superior, to those of her husband, who was driving the team." In the present case plaintiff was not charged with the responsibility of driving the automobile. His opportunity to be on the lookout for impending danger at a place he must have known to be dangerous was therefore perhaps better than that of the driver. Knowing the vicinity and the railroad crossing as he says he did, it was plainly his duty to use every reasonable effort to induce the driver of the automobile to slow down or to stop the machine if the view of the track was obstructed. It is not shown in the record before us that he cautioned the driver about impending danger before they reached the track where the collision occurred, nor that he made any attempt to induce his companion to slacken the speed of the car or to stop.

Plaintiff cites *Craig v. Chicago, St. P., M. & O. R. Co.*, 97 Neb. 426, but it does not appear to support his contention. In that case it is shown, in an opinion by Letton, J., that plaintiff's decedent attempted to seize the arm or the reins of the driver, seemingly in the endeavor to prevent the team from crossing the track in front of the locomotive.

In *Brommer v. Pennsylvania R. Co.*, 179 Fed. 577, the court gives this rule: "One riding in an automobile by invitation of the owner and driver, with whom he sat on the

front seat, equally with such driver was required to exercise care for his own safety, and where without objection or protest he permitted the driver to negligently drive upon a railroad crossing immediately in front of an approaching train without stopping to look or listen, exercising no care on his own part to ascertain whether the crossing was safe, although the view of the track was obstructed until they reached a point only a few feet distant, he is chargeable with negligence contributing to his own injury by the striking of the car by the train, and cannot recover therefor from the railroad company."

*Rebillard v. Minneapolis, St. P. & S. S. M. R. Co.*, 216 Fed. 503, is a late case, wherein the court say: "The rule that the negligence of the driver of a conveyance will not be imputed to a passenger, whether the conveyance is a public one or the passenger is the guest of the driver of a vehicle, does not apply where the passenger has full knowledge of the danger and voluntarily incurs the risk."

*Omaha & R. V. R. Co., v. Talbot,* 48 Neb. 627; *Bush v. Union P. R. Co.,* 62 Kan. 709; *Willfong v. Omaha & St. L. R. Co.,* 116 Ia. 548; *Dean v. Pennsylvania R. Co.,* 129 Pa. St. 514; *Warth v. Jackson County Court,* 71 W. Va. 184; *Brickell v. New York C. R. Co.,* 120 N. Y. 290. The foregoing cases substantially support the rule that is adhered to in this opinion.

In view of the record, we find that the verdict of the jury is not supported by the evidence, and the judgment of the trial court is therefore reversed and the cause remanded.

REVERSED.

MORRISSEY, C. J., and ROSE, J., dissenting.

LETTON, J., not sitting.