GEORGE H. FRUSH, SR., Appellant, v. WATERLOO, CEDAR FALLS & NORTHERN RAILWAY COMPANY, Appellee.

**NEGLIGENCE:** Absence of Warning Signals. One who has full knowledge of the presence of a train in ample time to avoid all injury may not predicate proximate cause on the absence of warning signals.

*Appeal from Black Hawk District Court.*—GEORGE W. DUNHAM, Judge.

NOVEMBER 19, 1918.

REHEARING DENIED JANUARY 15, 1919.

SUIT by an administrator to recover for the negligent killing of his decedent. At the close of plaintiff's evidence, there was a directed verdict for the defendant, and the plaintiff appeals.—*Affirmed.*

*H. E. Tullar* and *W. I. Atkinson,* for appellant.

*Pickett, Swisher & Farwell,* for appellee.

EVANS, J.—The plaintiff is the administrator of the estate of his wife, who was killed as the result of a collision upon a highway crossing, between plaintiff's automobile and one of the trains of the defendant. It is averred that the killing resulted from the negligence of the defendant in the operation of its train. The specific negligence charged is that the servants of the defendant approached such highway crossing with their train without sounding appropriate warning signals of its approach, whereby the plaintiff, as the driver of the automobile, failed to discover such approach in time to prevent the accident.

It appears from the testimony for the plaintiff that he was approaching such crossing, going west along the highway; that, on his left side, and between him and the ap-

proaching train, for a considerable distance, was a growth of bushes and trees, and a corn field; that this highway was crossed by the railway of the defendant at right angles; that the approaching train came from the south; that he listened for a signal, and heard none; and looked for a train and saw none, until he was within a comparatively short distance from the crossing. His wife was one of the occupants of the automobile. He testified, also, that, as he approached the crossing, he slowed down for a distance of "two or three blocks," to 8, 10, or 12 miles an hour; that, when he came within 50 or 60 feet of the crossing, he saw the train entering the highway and passing in front of him; that he brought his car practically to a stop; that, after the train had gone by, as he supposed, "he threw on the power" again and drove forward, and collided with the last car on the train. The train consisted of an interurban car, operated by a motor, and two gondola cars in the rear. The interurban car proper was much higher than the other cars. When this passed by, he did not observe the other cars, and as a result, he struck the last of them. The collision caused injuries to his wife which resulted in her death, some days later.

It appears, therefore, from the plaintiff's evidence that he, as the driver of the auto, saw the train in time to protect the auto and to permit the train to pass on. He not only *could* stop his car for that purpose, but he *did* do so. The question of whether there was a warning signal, therefore, loses its materiality. The purpose of a warning signal would be to enable the driver of the auto to do that very thing. If it were true that there was a failure to give the signals, yet such failure was not the cause of the accident. *Carrigan v. Minneapolis & St. L. R. Co.*, 171 Iowa 723; *Missouri, K. & T. R. Co. v. Bussey*, 66 Kan. 735 (71 Pac. 261); *Morris v. Chicago, B. & Q. R. Co.*, 101 Neb. 479 (163 N. W. 799); *Texas & P. R. Co. v. Marrujo*, (Tex.) 172 S. W.

588; *Glick v. Cumberland & W. Elec. R. Co.,* 124 Md. 308 (92 Atl. 778) ; *State v. Baltimore & P. R. Co.,* 58 Md. 482; *Philadelphia & B. C. R. Co. v. Holden,* 93 Md. 417 (49 Atl. 625) ; *International & G. N. R. Co. v. Matthews Bros.,* (Tex.) 158 S. W. 1048; *Ackerman v. Pere Marquette R. Co.,* 58 Ind. App. 212 (108 N. E. 144) ; *Seaboard Air Line R. Co. v. Tomberlin,* 70 Fla. 435 (70 So. 437) ; *McGee v. Wabash R. Co.,* 214 Mo. 530 (114 S. E. 33) ; *Green v. Missouri Pac. R. Co.,* 192 Mo. 131 (90 S. W. 805) ; *Williams v. Atchison, T. & S. F. R. Co.,* 100 Kan. 336 (164 Pac. 260).

It will avail us nothing to inquire whether the driver of the auto was negligent; nor whether, if negligent, such negligence could be imputed to the wife, who was sitting upon the back seat. The act of the driver in starting his car too soon, whether done negligently or excusably, was the proximate and controlling cause of the accident. We are compelled to say, therefore, that the trial court ruled properly, and its judgment is—*Affirmed.*

PRESTON, C. J., LADD and SALINGER, JJ., concur.