J. S. BROWN & Co. v. D. A. YOUNG ET AL.

(Tyler Term, 1881.)

INJUNCTION.— Jurisdiction of county and justices' courts. *Held*, that the county court had jurisdiction to grant and perpetuate the injunction, and that this was the proper remedy.

ERROR from the county court of Parker county. Opinion by WALKER, J.

STATEMENT.— This was an injunction suit brought by defendants in error and B. A. Mathews and the sheriff of Parker county to try the right to certain personal property

levied upon by said sheriff, at the instance of plaintiffs in error, and to enjoin the sale of said property, and for damages for levying upon the same.

. On the 12th day of May, 1879, the sheriff of Parker county levied an execution, issued by a justice of the peace of Galveston county on a judgment in favor of J. S. Brown & Co. against B. A. Mathews for the sum of $166.52, upon certain goods found in possession of B. A. Mathews, and on the 24th day of May, 1879, Young and M. Mathews, alleging that they, and not B. A. Mathews, were the owners of said goods levied upon, filed their petition in the county court of Parker county, setting up their ownership and claiming title to the goods, and praying for a writ of injunction to restrain the sale of goods so levied upon, and for damages, etc.

The petition alleges a partnership between D. A. Young, M. Mathews and said B. A. Mathews, but alleges that B. A. Mathews had no interest in the goods levied upon, and makes him a party defendant.

The county court granted and issued the injunction as prayed for, and on final hearing adjudged the goods so levied upon to petitioners, D. A. Young and M. Mathews, made the injunction perpetual, and rendered final judgment against J. S. Brown & Co. for $100 damages, besides an alternative judgment for the goods so levied upon, or their value, adjudging them to be worth $242.

J. S. Brown & Co. filed and insisted upon a motion to dissolve the injunction on the ground that the county court had no jurisdiction to grant the same; they also filed general and special exceptions to the petition, all of which were overruled by the court.

Opinion.— There are but two points presented for our consideration: 1st. Jurisdiction of county court to grant the injunction staying the sale of personal property levied upon under an execution from justice's court of Galveston for less than $200.

2d. It was error in the county court of Parker county to grant and perpetuate the injunction in this case, because D. A. Young and M. Mathews had an adequate legal remedy, by affidavit and claim bond, to try right to the property.

Authority to grant writs of injunction *eo nomine*, and also to grant all other writs necessary to the enforcement of the jurisdiction of the court, is conferred by the constitution, article 5, section 15, and it is in the same terms recognized by enactment. Act June 16, 1876, art. 1170, R. S.

Appellants insist that when the writ issues it must be made returnable to the court of the justice of the peace whence the execution came.

This suit was filed and fiat of the judge made May 24, 1879. At that date, article 3932, Paschal's Digest, was in force, which has been re-enacted in the Revised Statutes, article 2880. The second ground of error is not maintainable. See Story on Partnership, sec. 261 and note. The proper proceeding in a case like this is by injunction. Rogers *v.* Nichols, 20 Tex., 719; Story on Partnership, sec. 264, and authorities cited. There being no error apparent upon the record for which the judgment ought to be reversed, we conclude that it ought to be affirmed.

AFFIRMED.