GULF, COLORADO & SANTA FE RAILWAY CO. v. J. L. BLANKEN-
BECKLER ET AL.

No. 2262.

1.  **Injunction—Jurisdiction of District Court—Judgment of Justice Court for Less Than $20.**
    The District Court has jurisdiction to restrain by injunction the enforcement of a void judgment rendered by a Justice Court, where the amount is less than $20, and there is consequently no right of appeal from such judgment.

2.  **Same—Parties.**
    In an action by injunction to restrain the enforcement of a judgment rendered by a Justice Court, the justice of the peace and the officer holding the execution issued upon such judgment are not proper parties; notice to them of the injunction being sufficient.

3.  **Railway Company—Injury to Livestock—Fencing Track.**
    A railway company is not required to fence that portion of its track within the

limits and terminals of its side tracks, switches and switch stands, at any of its depots and stations, and hence it is not liable for the value of livestock killed by its engines within such limits, unless negligence is shown.

Appeal from Bosque.    Tried below before Hon. J. M. Hall.

*J. W. Terry* and *Chas. K. Lee*, for appellant.—1.   The undisputed evidence in this case shows that the animal in question was killed within the switch limits of a station on the defendant's road, and as a matter of law a railway company is not required to fence its station grounds and switch limits at stations.    Railway v. Ogg, 28 S. W. Rep., 348; Railway v. Wallace, 2 Texas Civ. App., 271; 21 S. W. Rep., 973; Railway v. Cocke, 64 Texas, 151; Railway v. Dunham, 68 Texas, 432; McGrath v. Railway, 22 Am. & Eng. R. R. Cas., 576; Stewart v. Railway Co., 28 N. E. Rep., 212; Railway v. Campbell, 7 Am. & Eng. R. R. Cas., 546; Davis v. Railway, 26 Ia., 549; Schooling v. Railway, 13 Am. & Eng. R. R. Cas., 536; 7 Am. & Eng. Enc. Law, 911; Moses v. Railway, 42 Am. & Eng. R. R. Cas., 555.

2.    Where stock is killed at a point where the railroad company is not required to fence its track, the burden of proof of negligence is on the plaintiff.

*Wm. M. Knight*, for appellee.—1.   The court erred in overruling the defendant's motion to dissolve.    Under section 16, article 5, of the Constitution of Texas, as amended in August, 1891, the District Court was deprived of jurisdiction to enjoin a judgment of the Justice Court under $20.

2.    The court did not err in rendering a judgment for the value of the cow killed in favor of the defendant Blankenbeckler, because it does not follow as a matter of law that a railway company is not required to fence its track wherever it may happen to have a switch or station. Railway v. Koska, 23 S. W. Rep., 1002; Railway v. Adams, 24 S. W. Rep., 834.

HUNTER, Associate Justice.—The appellant, on the 10th day of October, 1893, filed its petition in the District Court of Bosque County against appellees Blankenbeckler, and J. V. Jarrett, justice of the peace, and R. T. Vaughan, constable, alleging in substance that on the 27th day of July, 1893, Blankenbeckler had obtained a judgment before said justice of the peace against it for $16, for the value of a cow killed by it; that said judgment was void because of citation not having been served for full ten days before judgment; that more than five days having elapsed since said void judgment was rendered, it was then too late to move for a new trial; and on account of the amount involved in said suit and the amount of the said judgment being less than $20, petitioner had no redress or remedy by appeal.    The petition further shows that execution had been issued on said judgment by the justice of the peace, at the instance of appellee, and that the constable Vaughan was about

to levy it on appellant's property, and prayed for a writ of injunction to restrain appellees from such action, and for an order and decree perpetually enjoining the appellees and each of them from further proceeding under said execution, and from any further attempts to enforce said void judgment.

Blankenbeckler plead a general demurrer and a general denial, but admitted on the trial the invalidity of the judgment. He also reconvened claiming $25 damages for killing his cow, alleging negligence by running the train at a high and dangerous rate of speed, and failing to ring the bell or blow the whistle; that the place where the cow was killed was within 80 rods of a public crossing, and that the bell was not kept ringing nor the whistle kept blowing until said road was passed, as required by statute.

Appellee moved to dissolve the injunction, on the grounds, (1) that the amount of the judgment in the Justice Court being, as shown on the face of the petition, for less than $20, to-wit, $16, the District Court had no jurisdiction; (2) because plaintiff's petition states no cause of action against the defendant entitling it to an injunction.

This motion was overruled by the court, to which defendant excepted. He also filed a general demurrer to appellant's petition, which was overruled by the court, and to which ruling he likewise excepted, and filed cross-assignments of error on these rulings, which, as they raise a question of jurisdiction, must be first considered.

There is no appeal to the county or other court from the judgment of a justice of the peace, in cases where the judgment rendered or amount in controversy, exclusive of costs, is less than $20. Rev. Stats. (1895), art. 1158. Nor has the county court jurisdiction to issue the writ of certiorari in such cases. Rev. Stats. (1895), art. 1675.

Section 8, of art. 5 of the Constitution of Texas, as amended September 22, 1891, fixes and prescribes the jurisdiction of the District Courts, specifying the various matters over which it is given jurisdiction; in one clause of which the power to issue the writ of injunction is expressly conferred, without specifying any limitation as to amount involved in the suit or subject matter.

This clause of this section of the constitution, so far as it applies to injunctions, is substantially the same as contained in the same section and article of the constitution of 1876, which, in County of Anderson v. Kennedy, 58 Texas, 621, was construed by our Supreme Court to confer jurisdiction on the District Court to grant the writ enjoining the County of Anderson and its officers from levying and collecting a tax of less than $100, and the Supreme Court in that case puts the jurisdiction on the ground that the power to issue the writ is general, and not confined to cases where jurisdiction has been given over the subject matter, or fixed by the amount in controversy. See also, Railway v. Rawlins, 80 Texas, 579; Railway v. King, 80 Texas, 681; Alexander v. Holt, 59 Texas, 205; Railway v. Dowe, 70 Texas, 3; Stein v. Frieberg, 64 Texas, 271.

It may be that the County Court under a similar clause in sec. 16 of article 5, has also jurisdiction to grant this writ. Brown v. Young, 2 Posey, 335; Dean v. The State, 88 Texas, 290; Revised Statutes (1895), art. 2989. This, however, we do not mean to decide. We are of opinion that, if it did, the jurisdiction would be concurrent, and that the inserting of said clause in section 16 did not in any manner deprive the District Court of its power in such cases.

We are therefore of opinion that appellees' cross-assignments of error are not well taken, and that the District Court had jurisdiction to issue the writ and try the cause.

The case was tried by the court without a jury, and his conclusions of fact and of law are as follows:

"1.  The defendant's cow was killed at Valley Mills, Texas, on the 17th day of June, 1893, by being struck by an engine of the plaintiff, on plaintiff's railway.

"2.  The market value of the animal at the time was $16.

"3.  The plaintiff's track was not fenced where the cow was struck, and the place was not on the town plat, although it was between the south ends of two switches, one of which was on each side of the main track.

"4.  Blankenbeckler brought a suit in the Justice Court at Valley Mills for the value of the cow and obtained a judgment for $16 and costs, but this court finds that that judgment was void, because full ten days service had not been had on the railway company before the said judgment was rendered against it.

"Law:  The court concludes that the judgment of the Justice Court should be perpetually enjoined, but no reasons being shown why the company had not or could not fence its track at the place where the animal was killed (the court cannot judicially know why a track between switches cannot be fenced), judgment should be rendered for Blankenbeckler for $16 on his plea in reconvention. All costs of the injunction should be taxed against Blankenbeckler, but all costs of the plea in reconvention should be taxed against the railway company."

The appellant complains of the court's conclusions of law in its first and third assignments of error, as follows:

"First.  The court erred in its conclusions of law as follows: 'No reason being shown why the company had not or could not fence its track at the place where the animal was killed (the court can not judicially know why a track between switches can not be fenced), judgment should be rendered for Blankenbeckler.' Because the undisputed evidence in this case shows that the animal in question was killed within the switch limits of a station on the defendant's road, and as a matter of law a railway company is not required to fence its station grounds and switch limits at stations."

"Third.  The court erred in his conclusions of law in concluding that judgment should be rendered for the defendant for $16 on his plea in reconvention, and erred in rendering judgment in his favor for such

amount on said plea, because the evidence clearly showed that the animal was killed within the switch limits of the railway company at Valley Mills, and wholly fails to show that there was any negligence on the part of the plaintiff, its agents, servants or employes."

Upon said assignments the appellant bases the following proposition: "When stock is killed at a point where the railroad company is not required to fence its track, the burden of proof of negligence is on the plaintiff."

This proposition of law is correct, and if the findings of fact show that the cow was killed at a place where the company is not required to fence its track, the judgment will have to be reversed; because the court fails to find that the company was guilty of any negligence whatever, and under our statute, when stock is killed at such places, the company is liable only in cases of injury resulting from want of ordinary care, which puts the burden of proving negligence on the plaintiff. Revised Statutes (1895), art. 4528; Railway v. Cocke, 64 Texas, 153.

The court finds that the cow was killed at Valley Mills, at a place "not on the town plat, although it was between the south ends of the two switches, one of which was on each side of. the main track." The record also discloses that Valley Mills is one of the stations on appellant's line of railroad; that it is a town, laid off in blocks and streets, though not incorporated; that it has two side tracks, one on each side of the main track.

The evidence contained in the statement of facts is contradictory on the question of negligence on the part of the appellant company, but the conclusions of fact and of law as found by the court clearly show that he did not pass upon or consider such evidence in deciding the case, but decided it upon the theory that the plaintiff was not required to prove negligence on the part of the company.

We are of opinion that the evidence as well as the conclusions of fact indisputably show that the cow was killed within the switching limits and contiguous depot grounds of the railroad company, and that these limits, in law, extend to and include the terminals and switch stands of all switches or sidetracks at all depots and stations; and that public policy, in consideration of the safety to life and limb of employes and operatives who are compelled to pass over the tracks on foot in coupling and uncoupling cars, and turning switches, and other duties, both in the day time and at night, requires that there be no pitfalls or cattle guards on the tracks or grounds over which they are compelled, often in the most hurried manner, to move in order to perform the duties incident to such business. And as a fence could not cross the yards and tracks without making cattle guards or stops, the railroad company is not required to fence its tracks within the limits and terminals of its sidetracks, switches and switch stands at its depots and stations. Railway v. Willis, 93 Ind., 507; S. C., 19 Am. & Eng. Railroad Cas., 565; Railway v. Cocke, 64 Texas, 153; Railway v. Dunham, 68 Texas, 231; Railway v. Kneadle, 94 Ind., 454; S. C., 19 Am. & Eng. Railroad

Cas., 568; Railway v. Wallace, 2 Texas Civ. App., 271; S. C., 21 S. W. Rep., 973; Railway v. Glenn, 30 S. W. Rep., 846; Railway v. Ogg, 28 S. W. Rep., 347; McGrath v. Railway, 22 Am. & Eng. Railroad Cas., 576; Stewart v. Railway, 28 N. E. Rep., 212; Railway v. Campbell, 7 Am. & Eng. Railroad Cas., 546; Davidson v. Railway, 26 Iowa, 549; Moses v. Railway, 42 Am. & Eng. Railroad Cas., 555.

We do not think that the Justice of the Peace and constable were proper parties to the suit to enjoin the judgment; and therefore overrule the assignment of error complaining of the action of the lower court in taxing the costs against appellant, occasioned by making them parties. Notice to them of the injunction would have been sufficient to stop their action under the writ and judgment.    2 High·on Injunctions, sec. 1551; Allen v. Medill, 14 Ohio, 445; Edney v. King, 4 Ired. Eq., 465; Lackey v. Curtis, 6 Ired. Eq., 199; 10 Am. & Eng. Encycl. Law, 797, title "Injunction."

Because the court erred in holding that the appellant failed to show that the cow was killed at a place where it was not bound to fence its track, we reverse the judgment in this case and remand the cause for a new trial in accordance with the views herein expressed.

*Reversed and remanded.*

Delivered April 4, 1896.