INTERNATIONAL & G. N. R. CO. v. SCHRAM.

(Court of Civil Appeals of Texas. Austin. May 10, 1911. Rehearing Denied June 7, 1911.)

1. RAILROADS (§ 440*)—ACTION FOR KILLING ANIMALS—PETITION—EVIDENCE.

Where the petition in an action against a railroad company for the killing of an animal on the track alleged that the animal was killed through negligence in running the train at a speed in excess of that fixed by a municipal ordinance, that the company did not observe a proper lookout, and did not use proper care to prevent running over the animal after discovering it on the track, and that the animal was killed by a train at a place where the track was

unfenced, and the evidence sustained only the latter charge, plaintiff could recover without reference to the other grounds alleged, under the rule that a plaintiff alleging several distinct sufficient grounds of recovery may recover on proof of any one of them.

[Ed. Note.—For other cases, see Railroads, Dec. Dig. § 440.*]

2. RAILROADS (§ 411*) — FENCING TRACK — STATUTORY REQUIREMENTS—EXCEPTIONS.

The courts from the necessity of the case have read exceptions into the statute requiring railroad companies to fence their tracks, and a company need not fence its tracks where it would be unlawful to do so, as at public roads and streets, or where it would be dangerous to its employés to construct cattle guards and dig pits at depot grounds, where employés must go on the track to switch and make up trains.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 1433–1450; Dec. Dig. § 411.*]

3. RAILROADS (§ 443*) — FENCING TRACKS — KILLING STOCK—LIABILITY.

To make a prima facie case against a railroad company for the killing of an animal by a train, it is only necessary to prove the killing by the train, and to meet the case the company must prove either that its track was fenced, or that it was exempted from fencing at the point of the accident; but mere proof that such place is within the switching bounds arbitrarily established by the company, but not in fact used by it for switching purposes, is not sufficient.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 1608–1620; Dec. Dig. § 443.*]

Appeal from Williamson County Court; T. J. Lawhon, Judge.

Action by Peter Schram against the International & Great Northern Railroad Company. From a judgment for plaintiff, defendant appeals. Affirmed.

S. R. Fisher, S. W. Fisher, and John M. King, for appellant. O. E. Roberts, for appellee.

JENKINS, J. This is a suit to recover the value of a jennet, alleged to have been run over and killed by appellant's engine and cars. Trial before the court resulted in a judgment for $500 for appellee.

The court filed its conclusions of law and fact, finding: That said animal was killed by the cars of appellant at a place where its track was unfenced, and at a place where the same could have been fenced. "That in the reasonable and necessary use of defendant's west yards at Taylor, for all purposes in switching and operating its trains and cars, it was not necessary to leave said right of way unfenced where said jennet was killed, but that said right of way could have been fenced to a point 100 yards east of where said jennet was killed, without interfering with defendant in the proper and necessary use of its yards and without jeopardizing the safety of defendant's employés working in said yards." The evidence sustains this finding of the court. Although the place where the animal was killed was nominally within the switch limits of appellant, it was in fact on the main track, 140 yards beyond

the first switch, and beyond that portion of the track used by the employés in switching or in making up trains. The court found the value of the jennet to be $500, and rendered judgment for that amount. No complaint is made as to the amount of the judgment.

Conclusions of Law.

[1] (1). Appellant contends that judgment should not have been rendered for appellee for the reason that appellee's petition alleged that said animal was killed through the negligence of appellant in running its train at a greater speed than was allowed under the ordinances of the city of Taylor, and also in not observing a proper lookout to discover said animal on its track, and in not using proper care to prevent running over said animal after discovering the same on its track, there being no evidence as to such negligence. It is true that appellee so alleged in his petition, and it is also true that no evidence was offered to sustain either of these allegations. But it is further true that appellee alleged that said animal was killed by appellant's train at a place where its track was unfenced, and, the evidence sustaining this allegation, appellee was entitled to recover without reference to the other grounds alleged by him. Where a plaintiff alleges several distinct sufficient grounds of recovery, he is entitled to judgment upon proof of either one of them.

[2] Appellant further contends that the judgment should not have been rendered for appellee, because the proof shows that the place where said animal was killed is within the switching limits of appellant's station at Taylor. Nominally this is true, but practically it is not true. The statute requires railroad companies to fence their tracks in order to avoid liability for killing stock. No exception is made in the statute itself, but the courts, from the necessities of the case, have read into it certain exceptions. Some of them are where it would be unlawful for a railroad company to fence its track, as is the case as to public roads and streets; others are where it would be dangerous to its employés to construct cattle guards and dig pits, such as are necessary in fencing a railroad track. This applies to depot grounds and where employés are required to go upon the track day and night for the purpose of switching and making up trains. Railway Co. v. Blankenbeckler, 13 Tex. Civ. App. 249; 35 S. W. 333; Railway Co. v. Cole, 35 S. W. 526.

[3] In order to make a prima facie case against a railroad company for damages, where stock has been killed or injured, all that is necessary is to prove such killing or injury by being run over or against by the engine or cars of the company. In order to meet such prima facie case, it is necessary for the company to prove, either that its

---

track was fenced, or that it was exempted from fencing its track at such point. Until such proof is made, the failure to use ordinary care to prevent the injury is not an issue, and proof of such care would be no defense. R. S. 1895, art. 4528; Railway Co. v. Childress, 64 Tex. 349; Railway ·Co. v. Garcia, 117 S. W. 206. Proof that such place is within the switching bounds arbitrarily established by the company, but not in fact used by it for switching purposes, is not sufficient, because such proof shows no reason why such place should not be fenced.

Finding no error in the record, the judgment herein is affirmed.

Affirmed.