ST. LOUIS, B. & M. RY. CO. et al. v. DAWSON. (No. 6762.)

(Court of Civil Appeals of Texas. Galveston. March 4, 1915.)

1. RECEIVERS ☞174—LIABILITY—TORTS OCCURRING BEFORE APPOINTMENT.

One appointed receiver of a railroad by a federal court cannot be sued for past torts of the company unless the party suing first obtains permission from the court; but Act March 3, 1911, c. 231, § 66, 36 St. 1104 (U. S. Comp. St. 1913, § 1048), expressly allows suits against such receiver for his own wrongful acts, without previous leave of court.

[Ed. Note.—For other cases, see Receivers, Cent. Dig. §§ 333–343; Dec. Dig. ☞174.]

2. RAILROADS ☞452—KILLING STOCK—ALLOWANCE FOR ATTORNEY'S FEES.

Under Rev. St. 1911, art. 2178, authorizing a recovery of attorney's fees in certain suits where the amount does not exceed $200, the allowance of a $20 attorney fee for collecting a $75 item included in claims for $215 for killing three head of stock was erroneous.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. § 1653; Dec. Dig. ☞452.]

3. APPEAL AND ERROR ☞499—ASSIGNMENTS OF ERROR.

Where there is nothing in the record showing any objection to the charge before it was submitted to the jury, nor any exception reserved thereto, assignments complaining of the charge will not be considered.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2295–2298; Dec. Dig. ☞ 499.]

4. RAILROADS ☞442—KILLING STOCK—ACTION—EVIDENCE.

Where the evidence in an action for killing stock was sufficient to permit a finding that the stock was killed at a point on defendant's road where it was unfenced, or where the fence was insufficient to keep stock off the road, evidence that the mutilated bodies were found near the track, and circumstances tending to show that they were killed by passing trains, were admissible, without proof of negligence of those operating the trains.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 1596–1607; Dec. Dig. ☞442.]

5. RAILROADS ☞441—ACTION FOR KILLING STOCK—BURDEN OF PROOF.

In view of Rev. St. 1911, art. 6603, making railroads liable for the value of stock killed or injured by their locomotives, etc., without requiring the owner to show negligence, except where their roads are fenced, proof that one or more of the animals were within the switchyards or limits when killed required the road to show that it was not permitted by law to fence at such point, or that to do so would endanger train operatives, or that public convenience prevented fencing.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 1575–1595; Dec. Dig. ☞441.]

Appeal from Jackson County Court; J. W. Bagby, Judge.

Action by K. J. Dawson against the St. Louis, Brownsville & Mexico Railway Company and Frank Andrews, receiver. Judgment for plaintiff, and defendants appeal. Reformed and affirmed

―――――――――――――――――――――――――――――――――――――――――

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Claude Pollard and Robt. W. Stayton, both of Kingsville, and David M. Picton, Jr., of Corpus Christi, for appellants. Rose & Sample, of Edna, for appellee.

LANE, J. This suit was instituted by appellee K. J. Dawson against the St. Louis, Brownsville & Mexico Railway Company and Frank Andrews, receiver of said railway company, to recover the value of three head of cattle, two of which were killed in March, 1913, by the railway company before Frank Andrews was appointed receiver of said railway company, alleged to be of the value of $75 and $60, respectively, and one of which was killed on the 17th day of August, 1913, after said Andrews was appointed receiver of said railway company by the District Court of the United States for the Southern District of Texas, of the alleged value of $150, all three of the aggregate value of $285. Appellee alleges in his petition that subsequent to the time of the killing of the first two of his cattle, and prior to the killing of the last one, Frank Andrews was appointed by the District Court of the United States as receiver of said railway company, and that he was at the time of filing of this suit such receiver, and had been such since his appointment. Appellee also alleges that about the 12th day of August, 1913, he presented his claim for $75 for the killing of the first of said cattle, and on the same day presented his claim for $60 for the killing of the second of said cattle, and that on the 4th day of September, 1913, he presented his claim for $150 for the killing of the last of said cattle to the proper agent of defendants for payment; that all of said claims were presented for payment more than 30 days prior to the filing of this suit, and that he had employed his attorneys to bring suit for each of his said claims, and agreed to pay them a reasonable attorney's fee for their services, and that $20 attorney's fees on each claim sued for was reasonable, and that under the law he was entitled to recover from defendants $20 as attorney's fees on each of said three claims sued upon. It is also alleged in said petition that the last animal killed was killed in the switchyards of said railway company at Vanderbilt in Jackson county, Tex. Appellants answered and denied all the allegations of appellee's petition which charges that defendants, or either of them negligently killed either of the first two cattle alleged to have been killed; denied that said cattle were worth the value placed upon them by said petition, and that $20 was a reasonable attorney's fee on each of said claims, and also denied that either of defendants are liable for said attorney's fees. They also denied that said Andrews, receiver, is indebted to appellee for killing either of the first two cattle, because, as shown by appellee's petition, both of said cattle were killed prior to his appointment as such receiver, or that the railway company is liable for the killing of the last of said cattle, which is shown by appellee's petition to have been killed while the railroad was being operated by Frank Andrews as receiver. Appellants further answer as follows:

"Defendants further show the court (and this allegation is borne out by plaintiff's petition, which also recites the fact) that the two Jersey heifers alleged to have been killed were killed, if killed at all, before the appointment of a receiver of the St. Louis, Brownsville & Mexico Railway Company, and the bull is alleged to have been killed after Frank Andrews had been appointed, on July 5, 1913, wherefore the St. Louis, Brownsville & Mexico Railway Company, if liable at all, on the face of plaintiff's petition is not liable for the alleged killing of the bull; and likewise Frank Andrews, receiver, would not be liable for the killing of the two heifers; the petition on its face shows there are three causes of actions, and there are two different defendants, wherefore defendants pray judgment of the court, and that they go hence without day and at no cost."

The case was tried before a jury, which returned a verdict as follows:

"We, the jury, agree and find for plaintiff against defendants on the first count in plaintiff's petition the sum of $75.00 damages and $20.00 for attorney's fee. On the second count we find for plaintiff and against defendants $40.00 damages. And on the third count we find for plaintiff and against defendants $100.00 damages."

Whereupon the court rendered judgment in response to said verdict, and that execution issue for the collection of the same.

By appellants' first assignment of error they insist that the court erred in rendering judgment against Frank Andrews, receiver, for the value of the two first cattle killed, and in rendering judgment against the railway company for the value of the last animal killed, because, as shown by appellee's petition and the undisputed evidence, the two first cattle were killed before Frank Andrews was appointed receiver of said railway company, and that at the time the last animal was killed said railway company was in the hands of Frank Andrews as receiver, and the railroad was at that time being operated by such receiver.

[1] One appointed receiver of a railway company by the federal court is not liable as such receiver for torts of the corporation occurring before his appointment, unless the party suing first obtains permission from the court in which the receivership is pending to bring such suit. See Andrews v. King, 170 S. W. 862; Andrews v. Jeter & Co., 171 S. W. 838, decided by the Court of Civil Appeals of the Fifth District December 9, 1914, not yet officially published; Freeman v. Barry, 133 S. W. 748; Barton v. Barbour, 104 U. S. 126, 26 L. Ed. 672.

The contention of appellants in their first assignment is sustained: First, by the allegations of appellee's petition; second, by the undisputed evidence; and, third, by the law. We, therefore, hold that the assignment presents fundamental error, and that so much of the decree of the lower court as orders

judgment against Frank Andrews, receiver, for the value of the cattle killed before he became receiver, should be reformed and here rendered for said Andrews, and that so much of said decree as orders judgment against appellant railway company for the value of the last animal killed, after its properties had been placed in the hands of Frank Andrews, should be reformed and judgment here rendered for said railway company. We think the evidence sufficient to support a judgment against said railway company for the value of the two animals alleged to have been killed by it before its properties were placed in the hands of the receiver, and we also think that since the amendment of the United States statutes of March 3, 1911, that a receiver, appointed by a federal court to take charge of railway properties, may be sued for wrongful acts or transactions of his in carrying on the business connected with the property, without previous leave of the court in which the receivership is pending, and as the trial jury has found from the evidence that the last animal killed was killed by the negligence of said receiver, Frank Andrews, while he was operating said railroad as such receiver, this court does not feel warranted in interfering with so much of the judgment of the trial court as orders recovery against Frank Andrews, receiver, for the value of the last animal killed, after said Andrews was appointed receiver.

[2] Appellants' second assignment of error insists that the court erred in allowing appellee to recover $20 as attorney's fees, because the amount sued for, consisting of three items, that is, for the value of three animals alleged to have been killed by appellants, was for more than $200, and therefore no recovery for such attorney's fees can be had under the provisions of article 2178, Revised Statutes of Texas of 1911, which authorizes the recovery of attorney's fees in certain suits when the amount does not exceed $200. We think this contention should be sustained. Had appellee, Dawson, brought suit separately for the killing of each of his cattle in the justice court (which court only would have had jurisdiction) after he had properly presented the same for 30 days before suit, and after the railway company had refused to pay the same, he would have been entitled to recover reasonable attorney's fees, if his recovery was for the full amount of the claim as presented to the railway company, but as appellee chose to accumulate several claims against said railway company, which aggregated more than $200, and then bring suit for the aggregate amount of said claims, to wit, $285, he cannot recover attorney's fees under the provisions of article 2178, Rev. St. Tex. 1911. Had he brought suit on his $75 claim on which he recovered attorney's fees in this case, in the justice court, it is hardly likely that a jury or court trying said cause would have found that $20 was a reasonable attorney's fee in so small a suit.

In the case of M., K. & T. Ry. Co. v. Mahaffey, 105 Tex. 394, 150 S. W. 881, Chief Justice Brown of the Supreme Court says:

"There is a sound reason for allowing and limiting the amount of fee on small claims. If the claim be $200 or less, and suit must be instituted, which makes an attorney necessary, it is a heavy tax on the claimant."

But it is held in that case that when a claim sued for exceeds $200 (as in this case) no attorney's fee is recoverable under the provisions of article 2178, supra. It is shown by the petition that appellee's suit was: First, for an item of $75, value of one black heifer; second, for $20 attorney's fees for collecting said item; third, for an item of $60, value of one red heifer; fourth, attorney's fee of $20 for collecting said item; fifth, an item of $150, value of one bull; sixth, attorney's fee for collecting said item; seventh, for the aggregate sum of $345. The verdict of the jury as set out in the judgment is for $215 damages to cattle and for $20 attorney's fees for collecting the $75 item of appellee's claim sued upon. We do not think that appellee was entitled to recover any attorney's fee in this suit.

[3] Appellants' third and sixth assignments of error complain of the court's charge. There is nothing in the record showing that any objection was made to the court's charge before the same was submitted to the jury, nor is there reserved any exception to the charge of the court, and therefore these assignments will not be considered.

[4] There is no merit in appellants' other assignments of error. The evidence was sufficient for the jury to find that the animals killed were killed at a point on the appellants' railroad where it was unfenced, or where the fence of said railway company was wholly insufficient to prevent stock from going upon said railroad. M., K. & T. Ry. Co. v. Tolbert, 100 Tex. 483, 101 S. W. 206. This being true, the trial court properly permitted the jury, under proper instructions, to consider the testimony to the effect that the mutilated bodies of the dead animals were found near the railroad track, and other facts and circumstances tending to show that said animals were killed by passing trains, without proof of negligence on the part of those operating the train. G., H. & S. A. Ry. Co. v. Kropp, 91 S. W. 819; Ft. W. & R. G. Ry. Co. v. Swan, 97 Tex. 338, 78 S. W. 920.

[5] It is provided by article 6603, Revised Statutes of Texas 1911, that each and every railroad company shall be liable to the owner for the value of stock killed or injured by their locomotives and cars running over said tracks, and that it is not required of the owner of such stock to show negligence on the part of said railroad companies as a prerequisite to recover the value of stock killed, except where said companies have their roads fenced. When, as in this case, it is shown by the pleadings of the plaintiff and the evi-

.dence that one or more of the animals killed were within the switchyards, or switch limits, of said railway company at the time they were killed, it becomes the duty of the rail-way company to show that said company was not permitted by law to fence its track at such point, or that by doing so it would endanger the lives of its train operatives, or at a place where the public convenience prevents its being fenced. In an action against a railway company for killing stock, when it contends that it was not required to fence its track at the place of killing, the burden to establish this defense is upon said railway company. Tex. Ry. Co. v. Oilmill Co., 126 S. W. 627; St. Louis So. Ry. Co. v. Seay, 127 S. W. 908; T. & P. Ry. Co. v. Billingsly, 37 S. W. 27.

What has been said sufficiently disposes of all of appellants' assignments of error, and for the errors pointed out, and the reasons given herein, the judgment of the lower court is reformed, and it is here ordered and adjudged: First, that the appellee, K. J. Dawson, do have and recover of and from the St. Louis, Brownsville & Mexico Railway Company the sum of $115, the value of the first two animals killed, as found by the jury; second, that said K. J. Dawson do have and recover of and from Frank Andrews, as receiver of said railway company, $100, the value of the last animal killed, as found by the jury; third, that K. J. Dawson take nothing by his suit for attorney's fees; fourth, that K. J. Dawson pay all costs of this appeal; and, fifth, that appellants pay all costs of the court below.

No execution shall issue upon the judgment as here reformed, but appellee may present his claim as evidenced by the judgment as reformed to the court in which the receivership of said railway company is pending for approval and payment.

The judgment of the court below, as here reformed, is affirmed.

Reformed and affirmed.