**HINES, Director General of Railroads, v. EASTERLY.  (No. 6212.)**

(Court of Civil Appeals of Texas.  Austin. June 2, 1920.  Rehearing Denied Oct. 27, 1920.)

I. Railroads · ⬦⇒5½, New, vol. 6A Key-No. Series—Director General "person doing business in state" within statute allowing attorney's fees.

The Director General of Railroads is a "person doing business in this state" liable under Rev. St. 1911, art. 2178, for attorney's fees on recovery of judgment for full amount of claim not paid after presentation.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Doing Business.]

2. Railroads ⬦⇒446(7)—Negligence in failing to fence track within switch limits held question for jury.

In an action for injuries to live stock on a track within the switch limits of a town under Rev. St. 1911, art. 6603, making railroad liable without proof of negligence where road is not fenced, whether the track could have been fenced without interfering with the rights of the public or convenience or safety of the employés held a question for the jury.

Appeal from District Court, Robertson County; W. C. Davis, Judge.

Action by D. J. Easterly against Walker D. Hines, Director General of Railroads of the United States. Judgment for plaintiff, and defendant appeals. Affirmed.

John M. King, of Houston, and J. L. Goodman, of Franklin, for appellant.

JENKINS, J.  Appellee recovered judgment against appellant in the district court of Robertson county for damages by reason of the killing of two calves, alleged to have occurred through the negligence of appellant. The suit was brought in the justice court, and appealed to the district court, by reason of the fact that the county court of Robertson county had no jurisdiction in such matters. Appellee, in addition to recovering the value of the animals killed, also recovered an attorney's fee of $20.

The first assignment of error is that article 2178 of the Revised Statutes does not permit a recovery against the Director General. Said article reads as follows:

. "Hereafter, any person in this state having a valid, bona fide claim against any person or corporation doing business in this state, for personal services rendered or for labor done, or for material furnished, or for overcharges on freight or express, or for any claim for lost or damaged freight, or for stock killed or injured by such person or corporation, its agents or employés, may present the same to such person or corporation or to any duly authorized agent thereof, in any county where suit may be instituted for the same; and if, at the expiration of thirty days after the presentation of such claim, the same has not been paid or satisfied, he may immediately institute suit thereon in the proper court; and if he shall finally establish his claim, and obtain judgment for the full amount thereof, as presented for payment to such person or corporation in such court, he shall be entitled to recover the amount of such claim and all costs of suit, and, in addition thereto, a reasonable amount as attorney's fees; provided, he has an attorney employed in the case, not to exceed twenty dollars, to be determined by the court or jury trying the case."

[1] Appellee complied with the conditions of this article. We hold that the Director General is a "person * * * doing business in this state," and is therefore liable under the provisions of said article.

Appellant cites in support of his contention Turner v. Cross & Eddy, Receivers, 83 Tex. 218, 18 S. W. 578, 15 L. R. A. 262.  In that case and others. following it it was held that a receiver was not liable under the statute giving a cause of action for death occasioned by wrongful act.  In that case it was sought to hold the receivers liable under what is now article 4694, then article 2899, of the Revised Statutes, which reads as follows:

"An action for actual damages on account of injuries causing the death of any person may be brought in the following cases: 1. When the death of any person is caused by the negligence or carelessness of the proprietor, owner, charterer, hirer, of any railroad, steamboat, stage coach, or other vehicle for the conveyance of goods or passengers, or by the unfitness, negligence or carelessness of their servants."

It was held that a receiver was neither the "proprietor, owner, charterer, or hirer of any railroad," he being an officer appointed by and responsible to the court.  The well-known principle of law that he who seeks to recover for an action given by statute must bring himself within the terms of the statute was applied.

The decision referred to holding that a receiver is not liable under the statute giving a cause of action for damages for the wrongful death of a person is not applicable in the instant case, for the reason that the Director General is embraced within the meaning of the statute here relied on, being, as we have hereinbefore stated, a person engaged in business in this state.

[2] The second assignment of error complains of the action of the court in refusing to give a peremptory instruction in favor of appellant. This assignment is based upon the proposition that the statute making a railroad responsible for injuries to animals where a road is not fenced is not applicable to the facts of this case, for the reason that the injury occurred within the switch limits of the town of Easterly. The statute (R. S. art. 6603) makes a railroad company responsible where its cars run over and injure

stock, if the road is not fenced, without reference to the negligence of the railroad company. Railway v. Swan, 97 Tex. 340, 341, 78 S. W. 921; Railway v. Seiders, 50 Tex. Civ. App. 568, 110 S. W. 999; Railway v. Garcia, 117 S. W. 204. It has been held that this statute does not apply to such portions of a railroad track as could not be fenced by the railroad company without detriment to the public, or danger to the employés. Railway v. Cocke, 64 Tex. 154. Doubtless that portion of the track within switch limits could not be fenced, in many instances, without danger to the employés. But the statute does not expressly exempt such portion of the track, and whether or not the same could be fenced without interfering with the rights of the public, or convenience or safety of the employés, is a question of fact to be determined by the jury. In this case this issue was submitted to the jury in the following special issue:

"Special issue No. 2: Could the defendant's track or right of way, at the point where said cattle were struck and killed, have been fenced without causing any inconvenience to the public, and with safety to the agents, servants and employés of defendant?"

To which the jury answered "Yes."

We cannot say that the finding of the jury upon this issue is without support in the evidence. The evidence shows that Easterly is a small town, from which are shipped merchandise and wood, but that all of such shipping is from points south of the station. The animals were killed north of the station, where it does not appear that the public uses the railroad track, and there was no evidence to the effect that it would have been dangerous to the employés to have fenced this portion of the track.

Finding no error in the record, the judgment of the trial court is affirmed.

Affirmed.