### DUNAWAY v. LANCASTER et al.
### (No. 1339.)

(Court of Civil Appeals of Texas. El Paso. May 18, 1922.)

**Railroads ⬳441(6) — Company must show place of injury to stock could not be fenced.**

Under Rev. St. art. 6603, a railroad company is responsible for stock killed or injured if the road is not fenced, without reference to its negligence, and it devolves upon the company to show that the place where the injury occurred could not be fenced without danger to its employés or inconvenience to the public.

Appeal from Eastland County Court, at Law; J. H. Jones, Judge.

Action by J. E. Dunaway against J. L. Lancaster and another as receivers of the Texas & Pacific Railway Company, in a justice court, resulting in a judgment for the plaintiff, and defendants appealed to the county court, where judgment was rendered

for the defendants, and the plaintiff appeals. Reversed and remanded.

Burkett, Anderson & Orr, of Eastland, for appellant.

Conner & McRae, of Eastland, for appellees.

WALTHALL, J. Joe E. Dunaway brought this suit in the justice court against J. L. Lancaster and Pearl Wright, receivers of the Texas & Pacific Railway Company, to recover the sum of $150, alleged to be the value of one mare, killed by one of the trains of the railroad company, and attorney fees, alleged to be reasonably worth $20. The case was tried in the justice court, resulting in a judgment in favor of appellant, and appellees perfected an appeal to the county court. The trial in the county court resulted in a verdict and judgment in favor of appellees, from which judgment this appeal is prosecuted.

Appellant alleged negligence on the part of the employés of appellees in killing said animal. Appellees defended on the ground that the undisputed evidence shows that the animal was killed within the switch limits of its railroad yards in the town of Dothan, where it would have been dangerous and inconvenient to the public and the employés to have fenced its railroad track; also defended on the ground that the animal ran in front of the moving train, and that it was impossible to have avoided killing her. The case was tried with a jury, and after the evidence was heard the court instructed a verdict for the appellees.

Without stating the several propositions at length, the one main question is sufficiently presented, namely, the right of the appellant to have the case submitted to the jury.

Dunaway was the owner of the animal. It was killed by coming in contact with a moving engine of the Texas & Pacific Railway Company on the main track in the switchyards of the railroad company, in the unincorporated town or village of Dothan. Dothan is a flag station for passenger trains; has a resident population of about 100 people. The main track of the railroad runs through the village, with houses on either side of the main track. On one or the other side of the main railroad track, and within the switchyards, are situated the depot, section house, switch track, a spur track, toolhouse, and other facilities for railroad purposes. A public road runs through the town, crossing the railroad track within the limits of the switchyards. There are cattle guards, seemingly, at each end of the railroad switchyards, though the evidence is not clear as to their locations. The evidence does not clearly show whether or not the railroad track was fenced on both sides of its track

up to the switchyards, but from statements in the evidence we assume that it is. The railroad yards were not sufficiently fenced so as to prevent stock entering the yards. By article 6603, Revised Statutes of this state, it is provided that railroad companies shall be liable to the owner for the value of stock killed or injured by the locomotives and cars of such railroad company, in running over their respective railways; provided, that in all cases, if the railroad company fences its road, it shall only be liable for injury resulting from a want of ordinary care. The animal in question evidently strayed upon the railroad track at some unfenced portion of the railroad yards in the village of Dothan, and was killed in the nighttime by one of appellant's trains in running through the railroad yards. Appellant proved all the material facts entitling him to recover, unless his cause of action is defeated by reason of the fact that the animal was killed at a place where the railroad company could not be required to fence its track.

Appellees offered no evidence as to whether the railroad company was permitted or required by law to fence its track at the place where the animal was killed. The only question presented here is whether, in an action against the company for killing stock by one of its trains on its track in its yards, the company has the burden of showing that it was not required or permitted to fence its switch track or yards. The statute makes no exception as to any place or places where the railroad track may not be fenced.

The holdings of the courts have not been altogether uniform on the question here presented. In Railway v. Ogg, 8 Tex. Civ. App. 285, 28 S. W. 347, where the animal was killed within the switch limits at its depot in the town of Belleville, it was held that when it has been shown that the animal was killed upon the tracks within the station or depot grounds, it results that the burden of proof has been discharged, and that, as a matter of law, such place is not required to be fenced, and that the trial court erred in submitting to the jury as a question of fact whether or not the switches at the station could have been fenced without inconvenience to the public, and that under the law the defendant (railroad company) was not required to fence them in. However, in the great number of cases we have examined and referred to below, the rule seems to be otherwise.

In H. & T. C. Ry. Co. v. Holbert (Tex. Civ. App.) 182 S. W. 1180, where a horse was killed within the switch limits of the town of Bremond, it was held that the burden of proof was upon the railroad company to show that it could not fence at that point without inconvenience to the public. In

Railway v. Seay, 60 Tex. Civ. App. 301, 127 S. W. 908, it is said:

"We do not understand that the mere fact that a railway company has constructed switches or side tracks and a depot house, etc., at a particular point on its line of road, and that an animal, for the death or injury of which damages is sought to be recovered, was killed within such switching limits, constitutes as a matter of law the place one not required to be fenced and exempts the company from liability, unless it failed to exercise ordinary care to avoid killing the animal"

—and holding that whether the place where the animal was killed was of that character at the time to exempt it from fencing was under the evidence a question of fact for the determination of the jury. In Hines v. Easterly (Tex. Civ. App.) 224 S. W. 943, where animals were killed in the station yards of the town of Easterly, where there was no evidence to the effect that it would have been dangerous to the employés of the company, or inconvenient to the public to fence, it was held that the company was liable. To the same effect are the holdings of the courts in Railway Co. v. Dawson (Tex. Civ. App.) 174 S. W. 850; Railway Co. v. Oil Mill Co., 59 Tex. Civ. App. 330, 126 S. W. 627; Railway Co. v. Billingsly (Tex. Civ. App.) 37 S. W. 27; Railway Co. v. Hudson, 77 Tex. 494, 14 S. W. 158.

Under article 6603, R. S., a railroad company is responsible for stock killed or injured if the road is not fenced, without reference to the negligence of the company. Railway v. Swan, 97 Tex. 340, 78 S. W. 921; Lyon v. Files, 50 Tex. Civ. App. 630, 110 S. W. 999; Railway v. Garcia (Tex. Civ. App.) 117 S. W. 204.

To relieve itself from liability it devolves upon the company to show that the place where the injury occurred could not be fenced without danger to the employés of the company, or inconvenience to the public.

For reasons stated, it was error for the court to withdraw the case from the jury.

The case is reversed and remanded.