# NOVEMBER, 1925

GULF, COLORADO & SANTA FE RAILWAY COMPANY V. W. J.
TAYLOR.

No. 4189.   Decided November 4, 1925.

(277 S. W., 96).

**1.—Railways — Killing Stock — Negligence — Switch Limits — Burden of
Proof.**

The burden of proof that the killing of an animal by a railroad train
was through negligence is met by plaintiff in showing that it occurred at a
point where the track was not fenced.   That then resting on defendant to
show that the track could not properly be fenced there is met by showing
that the point was within the switch limits of a station.   It was not neces-
sary for defendant to show, in addition, that the track could not be fenced
there with safety.   (Pp. 124, 125.)

**2.—Same—Charge.**

In a suit for the value of an animal killed by a train, there being testi-
mony that it occurred at a point within the switch limits of a station, it was
error to refuse an instruction that defendant was not required to fence
within such switch limits, giving instead a charge leaving to the jury, in
the absence of further evidence thereon, the question whether it was proper
to fence at that point.   (Pp. 123-125.)

Question certified from the Court of Civil Appeals for the
Sixth District, in an appeal from the County Court of McLennan
County.

The question was certified in accordance with the mandate of
the Supreme Court in Gulf, C. & S. F. Ry. Co. v. ·Wilson, 113
Texas, 581, where conflict in the rulings making this necessary is
discussed.   The Supreme Court referred the question to the Com-
mission of Appeals, Section A, for its opinion, which is here
adopted and ordered certified as its answer.

*Spell & Sanford* and *Nat Harris,* for appellant.

A railroad company is not required to fence its track within
the depot ground and within the switch limits of a station.   Rail-
way Co. v. Cocke, 64 Texas, 151; Railway Co. v. Dunham, 68
Texas, 231; Railway Co. vs. Blankenbeckler, 35 S. W., 331; 13
Texas Civ. App., 249; Railway Co. v. Hodge & Speer, 125 S. W.,
350; Railway Co. v. Leuschner, 166 S. W., 416, and cases there
cited; Railway Co. v. Matthews, 158 S. W., 1048; Railway Co. v.

Long, 174 S. W., 329; St. Louis S. W. Ry. Co. v. Buice, 252 S. W., 558.

The question as to whether or not public necessity, convenience, commerce, or the proper and reasonable handling of the business of the defendant demand that the tracks be fenced within the switch limits at the station is a question that should not be submitted to the jury, because, under the law, a railroad is not required to fence within its switch limits and depot station. Railway Co. v. Ogg, 8 Texas Civ. App., 285, 28 S. W., 347; Railway Co. v. Willis, 42 S. W., 371; Railway Co. v. Cooper, 75 S. W. 328; Abbott v. Railway Co., 177 S. W., 1052.

*Pat M. Neff* (*Allen Bedel,* in Appellate Court), for appellee.

The fact that the horse was killed within what is commonly called the switching limits of the railway company is not alone sufficient to determine as a matter of law that such place was not one which the railway company should inclose with a fence, in order to avail itself of the protection against the killing of said horse. Railway Co. v. Cocke, 64 Texas, 151; St. Louis S. W. Ry. Co. v. Buice, 262 S. W., 558; St. Louis B. & M. Ry. Co. v. Dawson, 174 S. W., 850; Louterstein v. G. H. & S. A. Ry. Co., 144 S. W., 310.

Whether the particular point at which the horse was killed was within the switching limits of the station at Moody, or is a place at which the railway company is excepted by necessity from the statutory liability for failure to fence its track, is a question of fact for the jury to determine. Texas & Pacific Ry Co. v. Billingsly, 37 S. W., 27; Hines v. Easterly, 224 S. W., 943; I. & G. N. Ry. Co. v. Merideth, 137 S. W., 922; Ft. Worth & Denver Ry. Co. v. Decatur Cotton Seed Oil Co., 193 S. W., 392; St. Louis S. W. Ry. Co. v. Buice, 262 S. W., 558.

When an injury occurs within the switching limits of a station, it rests with the railroad company to show that the place at which the animal was killed was one which, under the law, said railroad company was not permitted to fence. The burden is on the railroad company to show that it is relieved from the statutory obligation of fencing its right-of-way. Houston & T. Cen. Ry. Co. v. Holbert, 182 S. W., 1180; Ft. Worth & Denver Ry. Co. v. Decatur Cotton Seed Oil Co., 179 S. W., 1104; G. C. & S. F. Ry. Co. v. Taylor, 198 S. W., 600.

If the switch grounds where the horse was killed was a private switch, and no public interest was subserved thereby, and the railroad did not use said switch in the discharge of its duties to

the public, then for the killing of the horse at such a place the railroad company would be liable. Houston & T. Cen. Ry. Co. v. Holbert, 182 S. W., 1180; St. Louis S. W. Ry. Co. v. Seay, 127 S. W., 908.

A railroad company is liable for injury done to stock in its switch yards, if same be unfenced, unless public necessity, convenience, commerce, or the proper and reasonable handling of the business of a railroad company should not admit of its fencing. I. & G. N. Ry. Co. v. Cocke, 64 Texas, 151; I. &. G. N. Ry. Co. v. Dunham, 68 Texas, 231.

MR. JUDGE BISHOP delivered the opinion of the Commission of Appeals, Section A.

Certified question is submitted by the Court of Civil Appeals of the Sixth Supreme Judicial District as follows:

"This suit was filed by the appellee, Taylor, in the justice court to recover damages for an animal killed on the track of the appellant railway company within the limits of the town of Moody. The railway tracks ran north and south. In addition to the main line there was a passing track which, the evidence indicates, was about 1,800 or 2,000 feet long. It was on this passing track, about 800 feet north of the depot, that the animal was struck. The evidence did not show any definitely defined yard limits. The local railroad agent testified that he did not know whether the point where the animal was struck was within the switching limits or not. The section foreman testified that the switching limits included the terminals of the passing track. There was no evidence other than this to show that it would be unsafe to the railway employees, or inconvenient to the public, to fence the track at the place where the collision occurred.

"In his main charge the trial court instructed the jury as follows:

" 'If you find from the evidence that said horse * * * was killed or injured at a point on the right of way of the defendant where necessity, convenience, commerce or the proper and reasonable handling of the business of the defendant railway company in the town of Moody would not admit of fencing the right of way, the defendant would not be liable to the plaintiff for the killing of said horse, although you may find the same was killed by the defendant company; and if you so find you will return a verdict for the defendant.'

"Appellant requested the court to give the following special charge, which was refused:

" 'You are charged that a railway company is not required to fence its track within its switch limits; and if you find from the evidence that the point at which the horse of plaintiff is alleged to have been injured is within the switch limits of the defendant railway in the town of Moody, you will find for the defendant.'

"In lieu of that the court gave the following special charge:

" 'If you find that the point where said horse was injured was within what is known as 'switch limits,' and you further find that said point was such as could not with safety to employees and the proper and reasonable handling of the business of the company be fenced, you will find for the defendant.'

"Among the assignments of error presented in this court was the refusal of the trial judge to give the special charge requested. That assignment was overruled and the judgment of the trial court was affirmed on October 8, 1917. No motion for rehearing was filed within the time prescribed by the statute. A motion to be permitted to file a motion for a rehearing was overruled December 20, 1917. Thereafter a motion to certify this case to the Supreme Court was filed, and it was overruled on the 31st day of January, 1918. The motion to certify was based upon the ground that the ruling of this court was in conflict with that of the Court of Civil Appeals of the Second District in G., C. & S. F. Ry. Co. v. Blankenbeckler, 35 S. W., 331.

"We were of the opinion that under the facts of this case, and in view of the charges given by the trial court, the special charge requested was properly refused. The mere fact that an animal was killed within the switching limits, or between the terminals of a passing track, was not, we thought, sufficient to exonerate the railway company from the duty to fence its right of way in order to escape absolute liability. In addition to the cases cited in the former opinion, we now refer to the following which express the same conclusion: Dunaway v. Lancaster, 241 S. W., 577; Hines v. Easterly, 224 S. W., 943; Ft. Worth & Denver City Ry. Co. v. Decatur Cotton Seed Oil Co., 193 S. W., 392; St. Louis, B. & M. Ry. Co. v. Dawson, 174 S. W., 850; International & Great Northern Ry. Co. v. Schram, 138 S. W., 195.

"In obedience to the mandate of the Supreme Court we hereby certify to your Honors the following question:

"Did we err in holding that the special charge requested by the appellant was properly refused?"

In the case of St. Louis Southwestern Ry. Co., et al., v. H. W. Buice, (not yet reported) we say:

"In a suit for damages for stock killed and injured by the loco-

motives and cars of a railroad company, the burden is on the plaintiff to show that such killing or injury was proximately caused by the negligence of the railway company, its agents or employees. Under our statute, negligence is conclusively established by proof that the railroad was not fenced at the place where the killing or injury occurred, unless at such place the railroad company is not by law required or permitted to fence its track. It having been shown that the animal was killed, the burden of proof was on the railway company to show that there was no obligation to fence the track at the place of the killing. The requirements of this burden are met when it is conclusively shown that the animal was killed within the depot or station grounds. I. & G. N. Ry. Co. v. Cocke, 64 Texas, 151; I. & G. N. Ry. Co. v. Dunham, 68 Texas, 231."

In· that case, quoting with approval the holding of the Court of Civil Appeals for the First Supreme Judicial District in the case of Gulf, Colorado & Santa Fe Ry. Co. v. Ogg, 28 S. W., 347, and that of the Court of Civil Appeals for the Second Supreme Judicial District in the case of Gulf, Colorado & Santa Fe Ry. Co. v. Blankenbeckler, 13 Texas Civ. App., 249, 35 S. W., 331, we held that the depot or station grounds include all that part of the right of way embraced within the yards and switching limits at the depot or station, and that, as a matter of law, the failure of the Railway Company to fence its track at such place cannot be held to be negligence.

We recommend that the question certified be answered in the affirmative.

The opinion of the Commission of Appeals answering the certified questions is approved and ordered certified to the Court of Civil Appeals.      *C. M. Cureton,* Chief Justice.