GULF, COLORADO & SANTA FE RAILWAY COMPANY V.
W. J. TAYLOR.

No. 4189.    Decided February 10, 1926.

(280 S. W., 542.)

**1.—Certified Question—Jurisdiction—Final Judgment.**

Where the judgment of the Court of Civil Appeals has become final it is without jurisdiction to certify a question therein on the ground of conflict of decisions. (P. 240.)

**2.—Same—Case Stated.**

On affirmance of a judgment in the Court of Civil Appeals appellant, who had failed to file motion for rehearing in due time, and after expiration of the term of court, obtained from the Supreme Court a writ of mandamus, in accordance with which the question was certified to that court on the ground of conflict in decisions. Having directed its answer to the question to be certified, the Supreme Court, a question of jurisdiction being raised, set aside this order, and here holds that, the judgment of the Court of Civil Appeals having become final, it was without jurisdiction to certify, and dismiss the certified question. (Pp. 239, 240.)

**3.—Jurisdictional Question—Waiver.**

A jurisdictional question can not be waived by the failure of the parties to raise it in the lower court. (P. 240.)

Question certified from the Court of Civil Appeals for the Sixth District, in an appeal from McLennan County.

Taylor sued the railway company and had judgment which

was affirmed on defendant's appeal. In accordance with a writ of mandamus from the Supreme Court the question involved was certified to that body by the Court of Civil Appeals (Gulf, C. & S. F. Ry. Co. v. Willson, 113 Texas, 581.) The question was referred to the Commission of Appeals, Section A, for their opinion thereon, and this was at first adopted and directed to be certified as the Court's answer ante, p. 121, (277 S. W., 96); but this order was subsequently set aside on a suggestion as to the lack of jurisdiction to certify the question, and the case again referred to the Commission for its opinion on that question. In accordance with that opinion the question certified is here dismissed for want of jurisdiction.

*Spell & Sanford* and *Nat Harris,* for appellant.

*Pat M. Neff,* for defendant in error.

MR. JUDGE BISHOP delivered the opinion of the Commission of Appeals, Section A.

At a former term of the Supreme Court, on application of the appellant, and on recommendation of this section of the Commission of Appeals, a writ of mandamus was awarded, requiring the Court of Civil Appeals for the Sixth Supreme Judicial District to certify the question here submitted. G. C. & S. F. Ry. Co. v. Wilson, 113 Texas, 581, 261 S. W., 368. The question certified having also been referred to this section of the Commission of Appeals, and report in a written opinion having been made recommending answer to the question the Supreme Court, on November 4, 1925, approved the opinion and ordered same certified to the Court of Civil Appeals. Ante, p. 121, 277 S. W., 96. Thereafter, on suggestion that the Court of Civil Appeals is without jurisdiction of the case, it having been finally disposed of in that court prior to the date of the filing of motion to be permitted to file application for writ of mandamus, this court on the 20th day of January, 1926, made and entered an order vacating and setting aside its order approving the opinion filed herein, and directing same certified.

The facts are these: The judgment of the trial court was affirmed by the Court of Civil Appeals on October 8, 1917. No motion for rehearing was filed within the time prescribed by statute. A motion to be permitted to file a motion for rehearing was overruled on December 20, 1917. Thereafter a motion to certify was filed based on the ground that the ruling of the

Court of Civil Appeals in this case is in conflict with that of the Court of Civil Appeals of the Second District in the case of G. C. & S. F. Ry. Co. v. Blankenbeckler, 13 Texas Civ. App., 249, 35 S. W., 331. This last motion was overruled on January 31, 1918. After the expiration of the term of the Court of Civil Appeals during which the above proceedings were had, the appellant, seeking to have the question in conflict certified, on the 12th day of September, 1918, filed in the Supreme Court its motion to be permitted to file application for writ of mandamus.

From this statement it is clear that the Court of Civil Appeals had finally disposed of the case, and was without jurisdiction to certify a question arising on a conflict of its holding with that of another court of civil appeals at the time the mandamus proceedings were instituted. LaPrelle v. Key, 114 Texas, 1, 261 S. W., 366.

In the mandamus proceedings no contention was made by the respondents that the Court of Civil Appeals was without jurisdiction to certify a question in conflict; nor, was any such contention made by appellee herein prior to the approval of our former opinion. The question, however, is a jurisdictional one, and can not be waived.

We now recommend that the question certified be dismissed.

Certified question dismissed for want of jurisdiction as recommended by the Commission of Appeals.

*C. M. Cureton,* Chief Justice.