Jose N. TREVINO, Appellant,

v.

MISSOURI PACIFIC RAILROAD COMPANY, Appellee.

No. 13419.

Court of Civil Appeals of Texas.

San Antonio.

Nov. 26, 1958.

J. R. Sorrell, Clifford L. Zarsky, Corpus Christi, for appellant.

Bond Davis, San Antonio, for appellee.

POPE, Justice.

Jose N. Trevino sued the Missouri Pacific Railroad Company for damages for running into and killing his cow on the railroad tracks inside the city limits of Pearsall, Texas. The court rendered judgment for the Railroad upon a jury verdict. Trevino contends that Railroad, under the

provisions of Article 6402, Vernon's Ann. Civ.Stats., was liable, as a matter of law, because it did not fence its road.

 Article 6402 does not apply when stock is killed within the area used for a depot, station grounds, or switching. St. Louis Southwestern Railway Co. v. Buice, Com.App.; 275 S.W. 996; Gulf C. & S. F. R. Co. v. Taylor, 115 Tex. 121, 277 S.W. 96, 115 Tex. 238, 280 S.W. 542; Gulf C. & S. F. R. Co. v. Blankenbeckler, 13 Tex. Civ.App. 249, 35 S.W. 331; 35 Tex.Jur., Railroads, § 460. If the injury occurs on those areas, the plaintiff must go further and prove negligence. The jury found that the cow was killed within the switching limits of the railroad and that the Railroad was not negligent. Trevino urges that there was no competent evidence of the railroad switching area, since the witness who testified did not possess testimonial qualifications. His other point is that the cow was killed at a point outside the switching area.

Proof of the switching area was given by Railroad's roadmaster. The complaint that the roadmaster did not possess testimonial qualifications is grounded upon the argument that the roadmaster received his information from the trainmaster. The record shows without objection that the roadmaster had been serving in that capacity for twelve years, was personally informed about the switch grounds, and that it is a part of his duty to aid in declaring the switch grounds and to know their boundaries. He offered, without objection, a map which showed the switch grounds in some detail. A full predicate showing his testimonial qualifications was made before he testified, and he was qualified.

The court submitted an issue and the jury found that the accident occurred within the switching area. The proof was that the cow was killed on the main line of the railroad, at a point within the railroad right-of-way. The cow had broken loose from a stake and had wandered onto the track where it was killed, 1,050 feet north of the depot. Commencing at the point of the accident and working south, there were nine switches on eight different lines, including the main line. Those switches were located at points approximately 300, 400, 800, 900, 1,350, 1,700, 1,750, 2,000 and 3,000 feet south of the point of collision. Trains approaching from the north, in order to proceed along any of those switches, may be required to stop to throw a switch, and, while switching, trains often extend far beyond the point of the collision. This was a switching area within the meaning of Article 6402.

The judgment is affirmed.